UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANN McCRACKEN; JOAN FARRELL;
SARAH STILSON; KEVIN McCLOSKEY;
CHRISTOPHER TRAPATSOS; and
KIMBERLY BAILEY, as individuals
and as representatives of the classes,

                            Plaintiffs,

    vs.

VERISMA SYSTEMS, INC.;
UNIVERSITY OF ROCHESTER
  MEDICAL CENTER;
STRONG MEMORIAL HOSPITAL; and
HIGHLAND HOSPITAL,

                          Defendants.

_____

**CLASS ACTION COMPLAINT**

Case No.: _____

Jury Trial Demanded

      Plaintiffs Ann McCracken, Joan Farrell, Sarah Stilson, Kevin McCloskey, Christopher Trapatsos, and Kimberly Bailey ("Plaintiffs"), by and through their undersigned counsel, bring this class action for damages and other legal and equitable relief against Verisma Systems, Inc. ("Verisma"), the University of Rochester Medical Center ("URMC"), Strong Memorial Hospital ("SMH"), and Highland Hospital ("Highland") (collectively "Defendants").[1]  Plaintiffs assert the following allegations and make the following claims on behalf of themselves and other similarly-situated class members.[2]

_____

[1] URMC, SMH, and Highland are referred to herein as the "Health Provider Defendants."

[2] Plaintiffs' proposed class and sub-classes (the "Classes") are set forth in Paragraphs 76-79 of this Class Action Complaint ("Complaint").  Plaintiffs reserve the right to amend their Class definitions, or to propose other or additional classes, in subsequent pleadings and/or their motion for class certification.

**INTRODUCTION**

1.      Plaintiffs and the Class members were overcharged by Defendants for copies of their medical records, in violation of New York law.

2.      Pursuant to New York Public Health Law § 18 and other applicable law, it is unlawful to charge patients and other "qualified persons" who request copies of medical records amounts exceeding the actual costs incurred to produce such records.

3.      Defendants have systematically violated New York law by manipulating charges for medical records, and by charging artificially inflated amounts to Plaintiffs and other Class members.  These artificially inflated amounts exceed the actual cost of producing such records and include built-in kickbacks from Verisma to the Health Provider Defendants and other health care providers in New York.

4.      Defendants engaged in this conduct in bad faith, knowing that their actions were contrary to New York law, in order to unjustly enrich themselves at the expense of Plaintiffs and other Class members.

5.      Based on Defendants' conduct as described in this Complaint, Plaintiffs assert claims against Defendants for: (1) violation of New York Public Health Law § 18; (2) unjust enrichment; and (3) violation of New York General Business Law § 349 *et seq.*

6.      Plaintiffs and the Classes seek injunctive relief, corresponding declaratory relief, monetary relief, and other appropriate relief for Defendants' unlawful conduct, as described herein.

**PARTIES**

7.      Individual and representative Plaintiff Ann McCracken ("McCracken") resides in Rochester, New York. McCracken is a member of the Verisma New York Class, the URMC Sub-Class, and the Highland Sub-Class, as defined below.

8.      Individual and representative Plaintiff Joan Farrell ("Farrell") resides in Avon, New York.  Farrell is a member of the Verisma New York Class, the URMC Sub-Class, and the Highland Sub-Class, as defined below.

9.      Individual and representative Plaintiff Sarah Stilson ("Stilson") resides in Canandaigua, New York.  Stilson is a member of the Verisma New York Class, the URMC Sub-Class, and the SMH Sub-Class, as defined below.

10.      Individual and representative Plaintiff Kevin McCloskey ("McCloskey") resides in Brockport, New York.  McCloskey is a member of the Verisma New York Class, the URMC Sub-Class, and the SMH Sub-Class, as defined below.

11.      Individual and representative Plaintiff Christopher Trapatsos ("Trapatsos") resides in Fairport, New York.  Trapatsos is a member of the Verisma New York Class, the URMC Sub-Class, and the SMH Sub-Class, as defined below.

12.      Individual and representative Plaintiff Kimberly Bailey ("Bailey") resides in Shortsville, New York.  Bailey is a member of the Verisma New York Class, the URMC Sub-Class, and the SMH Sub-Class, as defined below.

13.      Verisma is a for-profit corporation incorporated in the State of Delaware that manages and produces medical records for health care providers, including the Health Provider Defendants and other health care providers in New York.  Verisma is headquartered in Pueblo, Colorado, and does business in the State of New York.

14.      URMC is a domestic not-for-profit corporation organized and existing under the laws of New York, having its principal place of business located at 601 Elmwood Avenue, Rochester, New York, and does business in the State of New York.  URMC operates both Highland and SMH.

15.     Highland is a not-for-profit hospital facility organized and existing under the laws of New York, having its principal place of business located at 1000 South Avenue, Rochester, New York, and does business in the State of New York.

16.     SMH is a not-for-profit hospital facility organized and existing under the laws of New York, having its principal place of business located at 601 Elmwood Avenue, Rochester, New York, and does business in the State of New York.

## JURISDICTION AND VENUE

17.     This Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).   Plaintiffs are citizens of the State of New York, and Verisma is a citizen of a different state.   The amount in controversy in this action exceeds $5,000,000, and there are more than 100 members of each Class.[3]

18.     Venue is proper in the United States District Court, Western District of New York pursuant to 28 U.S.C. § 1391(b) because Plaintiffs reside in this District, Defendants conduct business in this District, and a substantial part of the events and omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

### *New York Public Health Law § 18 Forbids Excessive Charges for Medical Records*

19.     New York Public Health Law § 18(2)(d) requires that, upon written request by a patient or other qualified person for that patient's medical records, a health care provider must furnish a copy of the patient information requested.

---

[3] Verisma is the primary defendant in this case for purposes of 28 U.S.C. § 1332(d)(4)(B). Within the last three years, Verisma has been sued in at least one other class action lawsuit involving the same or similar factual allegations.  *See Lagas v. Verisma Systems, Inc.*, No. 4:13-cv-01082 (W.D. Mo.).

20.     "Qualified person" is defined broadly to include, among other things, any subject of the medical information or attorney representing a qualified person. New York Public Health Law § 18(1)(g)-(h).

21.     New York Public Health Law § 18(2)(e) places two caps on the amount of money a provider may charge for these records. First, a charge must "not exceed[] the costs incurred by such provider. . . ." Second, "the reasonable charge for paper copies shall not exceed seventy-five cents per page."

22.     This means that a charge for the production of a record can never exceed the **lower** of the actual cost to produce that record or seventy-five cents per page.

### *Defendants' Scheme to Artificially Inflate Charges for Medical Records*

23.     Verisma has contracts with the Health Provider Defendants and other New York health care providers to (a) manage their medical records, (b) respond to requests for medical records, and (c) produce such records to patients and other qualified persons.

24.     Verisma obtained these contracts by offering improper kickbacks to the Health Provider Defendants and other New York health care providers in connection with revenues associated with charges for medical records.

25.     These kickbacks are a central component of Verisma's marketing strategy.  For example, there is a section on Verisma's website, www.verismasystems.com, entitled "Financial Rewards."[4]  In this "Financial Rewards" section, Verisma states that it can help clients "Keep more of the release revenue" and "Improve cash flow."  *See* Exhibit 1.  Moreover, on the

---

[4] This section of the website is displayed by clicking the second button to the left of four buttons shown on the same tab at the center of the home page.

"Contact" section of its website, Verisma invites potential clients to check a box that says "Please contact me about a financial analysis of estimated monthly revenue."  *See* Exhibit 2.[5]

26.     In     addition,     Versima     has     a     profile     on     LinkedIn, https://www.linkedin.com/company/verisma-systems-inc., which states:

> Our mission and vision is for Verisma® to become the trusted expert in helping organizations protect patient privacy in the authorized release of information process. We provide unique technology and business solutions to health care systems and providers across the country **helping them improve financial return** and decrease costs in the release of medical records to external third party requestors.

*See* Exhibit 3 (emphasis added)

27.     Further, a third-party website, www.indeed.com, states that Verisma helps health care providers "capture available revenue in their Release of Information processes."  *See* http://www.indeed.com/cmp/Verisma-Systems,-Inc (attached as Exhibit 4).

28.     These kickbacks are improperly built into the amounts that are charged to patients and other qualified persons for medical records.

29.     Although the actual cost of providing medical records is far below 75 cents per page, Defendants have conspired to charge 75 cents per page for medical records.  The profits are then split between Verisma and the Health Provider Defendants (and other health care providers) via the kickback scheme described above.

30.     This practice violates New York Public Health Law § 18, which prohibits such profiteering in connection with requests for medical records.

31.     This practice is also deceptive, misleading, and unlawful, in violation of New York Gen. Bus. Law § 349 *et seq.*

---

[5] In addition to this website, Verisma maintains another website called www.recordjacket.com, which has the same "Financial Rewards" section and "Contact" section.

32.     As a result of this practice, Defendants have been unjustly enriched, to the detriment of Plaintiffs and other Class members.

### *Plaintiffs' Requests for Medical Records*

*Ann McCracken*

33.     Plaintiff McCracken was a patient at Highland.

34.     On or about September 12, 2012, McCracken requested medical records from Highland through her counsel.

35.     On or about September 28, 2012, Verisma, acting on behalf of Highland, sent an Invoice for Medical Record Request. The invoice indicated that McCracken would be charged $198.75 for 265 pages of medical records ($0.75 per page).

36.     On or about November 1, 2012, McCracken paid the $198.75 charge through her counsel in order to obtain copies of the requested medical records.

37.     Verisma provided these records in electronic format through an online portal.

38.     The cost to produce these medical records was substantially less than seventy-five cents per page.

39.     The fee charged to, and paid by, McCracken exceeded the cost to produce these medical records, and included a built-in kickback from Verisma to URMC and Highland.

*Joan Farrell*

40.     Plaintiff Farrell was a patient at Highland.

41.     On or about October 14, 2011, Farrell requested medical records from Highland through her counsel.

42.     On or about October 28, 2011, Verisma, acting on behalf of Highland, sent an Invoice for Medical Record Request. The invoice indicated that Farrell would be charged $531.00 for 708 pages of medical records ($0.75 per page).

43.     On or about November 11, 2012, Farrell paid the $531.00 charge through her counsel in order to obtain copies of the requested medical records.

44.     Verisma provided these records in electronic format through an online portal.

45.     The cost to produce these medical records was substantially less than seventy-five cents per page.

46.     The fee charged to, and paid by, Farrell exceeded the cost to produce these medical records, and included a built-in kickback from Verisma to URMC and Highland.

*Sara Stilson*

47.     Plaintiff Stilson was a patient at SMH.

48.     On or about July 2, 2012, Stilson requested medical records from SMH through her counsel.

49.     On or about July 18, 2012, Verisma, acting on behalf of SMH, sent an Invoice for Medical Record Request. The invoice indicated that Stilson would be charged $506.95 for 662 pages of medical records ($0.75 per page plus $10.45 for postage).

50.     On or about August 20, 2012 Stilson paid the $506.95 charge through her counsel in order to obtain copies of the requested medical records.

51.     Verisma provided these records in paper format which were printed from electronic files provided by SMH to Verisma.

52.     The cost to produce these medical records was substantially less than seventy-five cents per page.

53.     The fee charged to, and paid by, Stilson exceeded the cost to produce these medical records, and included a built-in kickback from Verisma to URMC and SMH.

*Kevin McCloskey*

54.     Plaintiff McCloskey was a patient at SMH.

55.     On or about June 13, 2012, McCloskey requested medical records from SMH through his counsel.

56.     On or about July 9, 2012, Verisma, acting on behalf of SMH, sent an Invoice for Medical Record Request. The invoice indicated that McCloskey would be charged $159.75 for 213 pages of medical records ($0.75 per page).

57.     On or about July 13, 2012, McCloskey paid the $159.75 charge through his counsel in order to obtain copies of the requested medical records.

58.     Verisma provided these records in electronic format through an online portal.

59.     The cost to produce these medical records was substantially less than seventy-five cents per page.

60.     The fee charged to, and paid by, McCloskey exceeded the cost to produce these medical records, and included a built-in kickback from Verisma to URMC and SMH.

*Christopher Trapatsos*

61.     Plaintiff Christopher Trapatsos was a patient of SMH.

62.     On or about September 13, 2012, Trapatsos requested medical records from SMH through his counsel.

63.     On or about September 27, 2012, Verisma, acting on behalf of SMH, sent an Invoice for Medical Record Request. The invoice indicated that Trapatsos would be charged $609.00 for 812 pages of medical records ($0.75 per page).

64.     On or about November 1, 2012, Trapatsos paid this charge through his counsel in order to obtain copies of the requested medical records.

65.     Verisma provided these records in electronic format through an online portal.

66.     The cost to produce these medical records was substantially less than seventy-five cents per page.

67.     The fee charged to, and paid by, Trapatsos exceeded the cost to produce these medical records, and included a built-in kickback from Verisma to URMC and SMH.

*Kimberly Bailey*

68.     Kimberly Bailey was a patient at SMH.

69.     On or about July 29, 2013, Bailey requested medical records from SMH through her counsel.

70.     On or about August 7, 2013 Verisma, acting on behalf of SMH, sent an Invoice for Medical Record Request. The invoice indicated that Bailey would be charged $432.99 for 556 pages of medical records ($0.75 per page plus $10.74 for postage).

71.     On or about August 8, 2013, Bailey paid this charge through her counsel in order to obtain copies of the requested medical records.

72.     Verisma provided these records in paper format which were printed from electronic files provided by SMH to Verisma.

73.     The cost to produce these records was substantially less than seventy-five cents per page.

74.     The fee charged to, and paid by, Bailey exceeded the cost to produce these medical records, and included a built-in kickback from Verisma to URMC and SMH.

## CLASS ACTION ALLEGATIONS

75.    Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

76.    Plaintiffs assert their claims in Counts 1-4 for violation of New York Public Health Law § 18, unjust enrichment, and violation of New York Gen. Bus. Law § 349 *et seq*. on behalf of a proposed "Verisma New York Class," defined as follows:

> All patients who requested medical records (either by themselves or through a qualified person acting on their behalf) from a health care provider in the State of New York that contracted with Verisma Systems, Inc. to produce such records, and were charged on or after May 14, 2008 for such records.

77.    All Plaintiffs also assert their claims in Counts 1-4 on behalf of a proposed "URMC Sub-Class," defined as follows:

> All persons in the Verisma New York Class who were charged on or after May 14, 2008 for medical records from the University of Rochester Medical Center.

78.    Plaintiffs McCracken and Farrell additionally assert their claims in Counts 1-4 on behalf of a proposed "Highland Sub-Class," defined as follows:

> All persons in the Verisma New York Class who were charged on or after May 14, 2008 for medical records from Highland Hospital.

79.    Plaintiffs Stilson, McCloskey, Trapatsos, and Bailey additionally assert their claims in Counts 1-4 on behalf of a proposed "SMH Sub-Class," defined as follows:

> All persons in the Verisma New York Class who were charged on or after May 14, 2008 for medical records from Strong Memorial Hospital.

80.    <u>Numerosity:</u>   The Classes are so numerous that joinder of all Class members is impracticable. On information and belief, hundreds of individuals satisfy the definition of each of the Classes.

81.    <u>Typicality:</u>    Plaintiffs' claims are typical of the members of Classes.  Among other things: (1) it was typical for Verisma to respond to requests for medical records from

Plaintiffs and other Class members to the Health Provider Defendants and other health care providers in New York; (2) it was typical for Defendants to charge amounts for medical records in excess of the actual cost of producing medical records; (3) it was typical for Verisma to pay kickbacks to the Health Provider Defendants and other health care providers in New York in connection with requests for medical records; (4) it was typical for Defendants to fail to disclose these kickbacks; and (5) it was typical for Defendants to fail to disclose the actual cost of producing medical records.

82.     Adequacy:     Plaintiffs will fairly and adequately protect the interest of the Class members, and have retained counsel experienced in class action litigation and litigation in this District.

83.     Commonality: Common questions of law and fact exist as to all members of the Classes and predominate over any questions solely affecting individual members of the Classes, including but not limited to:

    a.   Whether Defendants charged amounts for medical records in excess of the actual cost of producing such records;

    b.   Whether Verisma paid kickbacks to the Health Provider Defendants and other health care providers in New York in connection with requests for medical records;

    c.   Whether Defendants' conduct as described herein was deceptive and/or misleading;

    d.   whether Defendants' conduct as described herein violates New York Public Health Law § 18;

    e.   whether Defendants' conduct as described herein violates New York Gen. Bus. Law § 349 *et seq.*;

    f.   whether Defendants were unjustly enriched by the conduct described in this Complaint;

    g.   the appropriateness and proper form of any declaratory or injunctive relief; and

    h.   the appropriate measure of monetary relief.

84.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds that apply generally to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Classes as a whole.

85.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Defendants' conduct described in this Complaint stems from common and uniform policies and practices, resulting in improper charges for medical records that are readily calculable from Defendants' records and other class-wide evidence. Members of the Classes do not have an interest in pursuing separate individual actions against Defendants, as the amount of each Class member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not present any likely difficulties.  In the interests of justice and judicial

efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single action.

86.     Plaintiffs intend to send notice to all members of the Classes to the extent required by Rule 23. The names and addresses of the Class members are available from Defendants' records.

## FIRST CLAIM FOR RELIEF
### VIOLATION OF NEW YORK PUBLIC HEALTH LAW § 18
**(Asserted against all Defendants on behalf of all Plaintiffs and Classes)**

87.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

88.     Defendants were required to adhere to the requirements of New York Public Health Law § 18 when providing medical records to Plaintiffs and other Class members.

89.     New York Public Health Law § 18(2)(e) only allows a provider (or a party acting on a provider's behalf) to "impose a reasonable charge for all inspections and copies, ***not exceeding the costs incurred by such provider*** ..." (emphasis added)

90.     Defendants violated New York Public Health Law § 18 by, among other things:

   a.     Charging amounts in excess of the cost to produce medical records; and

   b.     Building improper kickbacks and profits into the amounts charged for medical records.

91.     Defendants systematically engaged in these illegal practices to the detriment of Plaintiffs and other Class Members.

92.     Plaintiffs and other Class members have been injured and suffered a monetary loss as a result of Defendants' violations of New York Public Health Law § 18.

93.     As a result of Defendants' violations of New York Public Health Law § 18, Plaintiffs and the Classes are entitled to, *inter alia*, recovery of their actual damages and any other remedies afforded at law or in equity.

**SECOND CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**
**(Asserted against URMC on behalf of all Plaintiffs and the URMC Sub-Class)**
**(Asserted against Highland by McCracken, Farrell, the Highland Sub-Class)**
**(Asserted against SMH by Stilson, McCloskey, Trapatsos, Bailey, and the SMH Sub-Class)**

94.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

95.     The Health Provider Defendants have been unjustly enriched as a result of the conduct described in this Complaint.

96.     The Health Provider Defendants received a benefit from Plaintiffs and other Class members in the form of payments for medical records ("Medical Record Payments"). Specifically:

   a.     URMC received Medical Record Payments from all Plaintiffs and the URMC Sub-Class;

   b.     Highland received Medical Record Payments from Plaintiffs McCracken and Farrell, and the Highland Sub-Class; and

   c.     SMH received Medical Record Payments from Plaintiffs Stilson, McCloskey, Trapatsos, and Bailey, and the SMH Sub-Class.

97.     The Health Provider Defendants retained a portion of these payments in the form of improper kickbacks or other compensation from Verisma.

98.     Retention of these payments by the Health Provider Defendants would be unjust and inequitable because (among other things):

a. New York law prohibits profiteering in connection with requests for medical records;

b. The Health Provider Defendants conspired with Verisma to manipulate the amount charged for medical records and artificially inflate those charges in excess of the actual cost to produce such records, in order to receive kickbacks from Verisma;

c. Defendants' kickback scheme was not disclosed to Plaintiffs or other Class members; and

d. The actual cost of producing medical records was not disclosed to Plaintiffs or other Class members; and

e. The conduct of the Health Provider Defendants (as described in this Complaint) was willful and knowingly unlawful.

99.     The kickbacks and/or other compensation that the Health Provider Defendants retained were not legitimately earned, and came at the ultimate expense of Plaintiffs and other Class members.

100.    Plaintiffs and the Classes are entitled to restitution and disgorgement of all monies unjustly and inequitably retained by the Health Provider Defendants in connection with requests for medical records.  The Health Provider Defendants cannot retain these payments in good conscience.

### THIRD CLAIM FOR RELIEF
### UNJUST ENRICHMENT/RESTITUTION/DISGORGEMENT
**(Asserted against Verisma on behalf of all Plaintiffs and Classes)**

101.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

102.    Verisma has been unjustly enriched as a result of the conduct described in this Complaint.

103.    Verisma received a benefit from Plaintiffs and other Class members in the form of Medical Record Payments.

104.    Verisma retained these payments, except for the portion that was kicked back to the Health provider Defendants and other health care providers in New York.

105.    Retention of the full amount of these payments by Verisma would be unjust and inequitable because (among other things):

    a.  New York law prohibits profiteering in connection with requests for medical records;

    b.  Verisma conspired with the Health Provider Defendants and other health care providers in New York to manipulate the amount charged for medical records and artificially inflate those charges in excess of the actual cost to produce such records;

    c.  Verisma offered and paid improper kickbacks to the Health Provider Defendants and other health care providers in New York in order to obtain their business and their approval to charge artificially inflated amounts for medical records;

    d.  Defendants' kickback scheme was not disclosed to Plaintiffs or other Class members;

    e.  The actual cost of producing medical records was not disclosed to Plaintiffs or other Class members; and

    f.  Verisma's conduct (as described in this Complaint) was willful and knowingly unlawful.

106.    The artificially inflated payments that Verisma retained were not legitimately earned, and came at the ultimate expense of Plaintiffs and other Class members.

107.    Plaintiffs and the Class are entitled to restitution and disgorgement of all monies unjustly and inequitably retained by the Verisma in connection with requests for medical records. Verisma cannot retain these payments in good conscience.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF N.Y. GEN. BUS. LAW § 349** *et seq.*
**(Asserted against all Defendants on behalf of all Plaintiffs and Classes)**

108.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

109.    Defendants are required to adhere to the requirements of the NYDPA in connection with their acts and practices relating to requests for medical records in New York.

110.    The NYDPA provides that "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state are hereby declared unlawful."

111.    Defendants have pervasively violated the NYDPA, and continue to violate the NYDPA, by engaging in the deceptive, misleading, and unlawful acts and practices described in this Complaint.

112.    Among other things, Defendants violated the NYDPA by:

   a.    Conspiring to manipulate the amount charged for medical records and artificially inflate those charges in excess of the actual cost to produce such records;

   b.    Failing to disclose the actual cost to provide medical records;

    c.      Deceptively and unlawfully charging amounts in excess of the cost to produce medical records;

    d.      Engaging in a secret and improper kickback scheme in connection with requests for medical records; and

    e.      Failing to disclose their kickback scheme to Plaintiffs and other Class members.

113.    Defendants engaged in these acts and practices for the purpose of (a) deceiving Plaintiffs and other Class members regarding the actual cost of producing medical records; (b) improperly attempting to circumvent New York General Health Law § 18 and other applicable law; (c) overbilling Plaintiffs and other Class members by charging them excessive and unlawful amounts for copies of their medical records; and (d) improperly extorting unearned payments from Plaintiffs and other Class members for medical records.

114.    Defendants systematically engaged in these deceptive, misleading, and unlawful acts and practices, to the detriment of Plaintiffs and the other Class members.

115.    Defendants willfully engaged in such acts and practices, and knew that they violated the NYDPA or showed reckless disregard for whether they violated the NYDPA.

116.    The harm caused by these acts and practices vastly outweighs any legitimate utility they possibly could have.

117.    As a result of Defendants' violations of the NYDPA, Plaintiffs and the Classes have been injured and have suffered actual damages and monetary losses in the form of excessive charges for medical records.

118.    Plaintiffs and the Classes are entitled to actual damages, statutory damages, treble damages, injunctive relief, attorneys' fees and costs and expenses, and any other remedies

available under the NYDPA or in equity, for Defendants' violations of the NYDPA.  *See* N.Y. Gen. Bus. Law § 349(h).

## PRAYER FOR RELIEF

119.    WHEREFORE, Plaintiffs, on behalf of themselves and the Classes, pray for relief:

a.    Determining that this action may proceed as a class action under Rules 23(b)(2) and (3) of the Federal Rules of Civil Procedure;

b.    Appointing Plaintiffs as representatives of the Classes that they seek to represent;

c.    Designating Plaintiffs' counsel as counsel for the Classes;

d.    Issuing proper notice to the Classes at Defendants' expense;

e.    Declaring that Defendants' actions as described above violate New York Public Health Law § 18;

f.    Declaring that Defendants' actions as described above violate New York General Business Law § 349 *et seq*.;

g.    Declaring that Defendants were unjustly and unlawfully enriched at the expense of Plaintiffs and the Class members;

h.    Awarding appropriate equitable relief, including but not limited to an injunction prohibiting Defendants from charging amounts in excess of the actual cost to produce medical records, prohibiting Defendants from offering or accepting kickbacks or other unearned compensation in connection with requests for medical records, and ordering Defendants to cease and desist from engaging in further unlawful conduct in the future;

i.      Awarding actual damages and/or statutory damages to Plaintiffs and the Classes;

j.      Awarding treble damages as permitted under New York Gen. Bus. Law § 349 *et seq.*

k.      Awarding prejudgment interest to Plaintiffs and the Classes;

l.      Awarding reasonable attorneys' fees and costs and expenses to the extent permitted by New York Gen. Bus. Law § 349 *et seq.* and other applicable law; and

m.      Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## **DEMAND FOR JURY TRIAL**

120.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs and the Classes demand a trial by jury.

Dated: May 14, 2014                          **FARACI LANGE LLP**

                                             **BY:** s/Stephen G. Schwarz
                                                  Stephen G Schwarz, NY Bar #2008936
                                                  Kathryn Lee Bruns, NY Bar #2874063
                                                  28 E. Main Street, Suite 1100
                                                  Rochester, NY  14614
                                                  Telephone: (585) 325-5150
                                                  Fax: (585) 325-3285
                                                  sschwarz@faraci.com
                                                  kbruns@faraci.com


                                             **NICHOLS KASTER, PLLP**
                                                  Kai H. Richter, MN Bar #0296545*
                                                  E. Michelle Drake, MN Bar #0387366*
                                                  David J. Carrier, MN Bar #0393582*
                                                  *Pro hac vice applications forthcoming
                                                  4600 IDS Center
                                                  80 South Eighth Street
                                                  Minneapolis, MN 55402-2242
                                                  Telephone: 612-256-3200
                                                  Facsimile: 612-338-4878
                                                  krichter@nka.com
                                                  drake@nka.com
                                                  dcarrier@nka.com


                                             ATTORNEYS FOR PLAINTIFFS AND THE CLASSES