```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANN McCRACKEN, JOAN FERRELL,
SARAH STILSON, KEVIN McCLOSKEY,
CHRISTOPHER TRAPATSOS, and
KIMBERLY BAILEY, as individuals
and as representatives of the classes,

                        Plaintiffs,                    14-CV-6248T

                v.                                     DECISION
                                                       and ORDER
VERISMA SYSTEMS, INC., STRONG MEMORIAL
HOSPITAL, HIGHLAND HOSPITAL, and
UNIVERSITY OF ROCHESTER,

                        Defendants.
_____
```

**INTRODUCTION**

Ann McCracken ("McCracken"), Joan Ferrell ("Ferrell"), Sarah Stilson ("Stilson"), Kevin McCloskey ("McCloskey"), Christopher Trapatsos ("Trapatsos"), and Kimberly Bailey ("Bailey") (collectively, "Plaintiffs"), bring this action on behalf of themselves and others against Verisma Systems, Inc. ("Verisma"), Strong Memorial Hospital ("Strong"), Highland Hospital ("Highland"), and the University of Rochester ("U of R") (collectively, "Defendants"), claiming that Defendants charged inflated prices for medical records in violation of New York State law. Verisma contracts with Strong, Highland and the U of R (collectively, the "Healthcare Defendants") to provide medical records to patients of those entities. Plaintiffs, all of whom are patients who received medical treatment at the Healthcare

Defendants, claim that Defendants charged them excessively for copies of their medical records, in violation of New York Public Health Law ("NYPHL") § 18. Plaintiffs also assert causes of action for unjust enrichment and for a deceptive trade practices under New York General Business Law ("NYGBL") § 349.

**FACTUAL BACKGROUND**

The following factual summary is based on the allegations in the Amended Complaint, which are deemed to be true for purposes of deciding Defendants' motions to dismiss. Verisma is a private corporation that contracts with doctors and hospitals nationwide to provide medical records to patients, or other authorized entities, who request such records. Verisma entered into contracts with the Healthcare Defendants to provide copies of medical records generated by the Healthcare Defendants to patients who requested those records. Plaintiffs allege that Verisma obtained these contracts by offering financial and other types of incentives to the Healthcare Defendants. According to Plaintiffs, these incentives, which Plaintiffs characterize as "kickbacks", are a central component of Verisma's marketing strategy. Plaintiffs cite to information publicly available on Verisma's website and third-party websites on which Verisma maintains a business profile. See, e.g., Amended Complaint ("Am. Compl.") (Dkt #4) ¶ 27 & Exhibit ("Ex.") 4 (quoting website Indeed.com which states that Verisma helps health care providers "capture available revenue in their Release of Information processes").

All Plaintiffs reside in the Greater Rochester area and, through their attorneys, requested copies of their medical records from the Healthcare Defendants. Upon receiving a request for records from a Plaintiff, the Healthcare Defendants forwarded the request to Verisma, which fulfilled the request for records and sent an invoice to Plaintiffs' attorneys. Sometimes, rather than actually send Plaintiffs hard copies of the requested records, Verisma simply made the records available to Plaintiffs via an online portal. Regardless of how the copies of records were provided (in paper form or electronically), Verisma charged $0.75 per page without regard to, and without disclosing, the actual costs of producing copies of the records. Each Plaintiff paid the amount charged by Verisma through their counsel. Plaintiffs allege that the cost to produce each medical record was substantially less than $0.75 per page and that the amounts charged were inflated as a result of Defendants' alleged "kickback scheme."

## PROCEDURAL STATUS

Verisma has moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") on the basis that Plaintiffs have failed to state a claim upon which relief can be granted. According to Verisma, Plaintiffs have failed to establish any actual injury since the charges Verisma imposed on them for copies of medical records are expressly deemed reasonable under New York law. The Healthcare Defendants have moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") on the ground that Plaintiffs lack

constitutional standing, and pursuant to Rule 12(b)(6) for failure to state claims for unjust enrichment and for violations of NYPHL § 18 and NYGBL § 349.

**RULE 12(b)(1) STANDARD**

"A case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing FED. R. CIV. P. 12(b)(1)). The party seeking to establish jurisdiction bears the burden of "showing by a preponderance of the evidence that [it] exists." Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003) (citation omitted). In resolving subject matter jurisdiction under Rule 12(b)(1), a district court may refer to evidence outside the pleadings. Id. (citing Kamen v. American Telephone & Telegraph Co., 791 F.2d 1006, 1011 (2d Cir. 1986) ("[W]hen . . . subject matter jurisdiction is challenged under Rule 12(b)(1), evidentiary matter may be presented by affidavit or otherwise.") (citation omitted)).

**DISCUSSION**

**I. Standing and the Rule 12(b)(1) Motion by the Healthcare Defendants**

**A. General Legal Principles**

Because standing is jurisdictional, the Court first considers the Healthcare Defendants' motion pursuant to FRCP 12(b)(1) to dismiss based on Plaintiffs' lack of standing to bring this lawsuit. See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990) (stating that when a party moves for dismissal both for failure to state a claim and lack of

jurisdiction, "the court should consider the Rule (12)(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined").

The standing requirements of Article III, Section 2 of the United States Constitution "are not mere pleadings requirements but rather [are] an indispensable part of the plaintiff's case." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (citations omitted). To establish standing, a plaintiff must show

> (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth Inc. v. Laidlaw Environmental Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000). The Healthcare Defendants argue that Plaintiffs have failed to sufficiently allege "injury-in-fact" and causation, but they do not challenge the redressability requirement.

**B. Injury-In-Fact**

With respect to the "injury-in-fact" requirement, "[e]ven a small financial loss is an injury for purposes of Article III standing." Natural Res. Def. Council, Inc. v. United States Food & Drug Admin., 710 F.3d 71, 85 (2d Cir. 2013). The Healthcare Defendants argue that Plaintiffs have failed to plead that they incurred a financial loss due to the purported overcharges for their medical records, because Plaintiffs allege only that their

attorneys paid Verisma for the requested copies; Plaintiffs do not allege that they personally paid Verisma for the records or that they reimbursed their attorneys for the amounts paid by the attorneys to Verisma. See Healthcare Defendants' Memorandum of Law in Support of Motion to Dismiss ("Healthcare Defs' Mem.") (Dkt #21-4) at 6. Plaintiffs, in their opposition brief, assert that they are not required to "plead the obvious", i.e., that their legal services agreement with their attorneys dictates that they must reimburse the attorneys for all costs, including those associated with obtaining copies of their medical records. See Plaintiffs' Opposition Memorandum of Law ("Pls' Opp.") (Dkt #) at 18.

However, as the Second Circuit has repeatedly observed, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515-16 (1925)); see also J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004) (stating that in resolving jurisdiction, the court must accept as true all factual allegations in the complaint "but [is] not to draw inferences from the complaint favorable to [the party asserting jurisdiction].") (citation omitted). As the parties seeking to establish jurisdiction, Plaintiffs bear the burden of proof, see Lunney, 319 F.3d at 554, and thus may be required to "plead the obvious."

Two district court cases from this Circuit have recently considered, in essentially identical factual circumstances, the

sufficiency of a plaintiff's allegations of injury-in-fact. See Spiro v. Healthport Technologies, LLC, No. 14 CIV. 2921 PAE, __ F. Supp.2d ___, 2014 WL 4277608, at *5 (S.D.N.Y. Aug. 29, 2014) (Englemayer, J.); accord Carter v. Healthport Technologies, LLC, No. 14-CV-6275-FPG, 2015 WL 1508851, at * (W.D.N.Y. 31, 2015) (Geraci, C.J.). As discussed further below, review of these cases supports this Court's conclusion that Plaintiffs are required to "plead the obvious," should they wish to proceed with this litigation.

In Spiro, as in the present case, the plaintiffs were clients of a law firm prosecuting personal injury causes of action on their behalf. In connection with these lawsuits, the law firm made requests for the plaintiffs' medical records to the defendant hospitals and their billing agent, who allegedly charged inflated rates for producing the records. The plaintiffs in Spiro brought suit against the hospitals and the billing agent to recover for unjust enrichment and violations of NYGBL § 349 and NYPHL § 18. The defendants asserted a standing challenge, arguing that the plaintiffs had failed to plead a cognizable injury-in-fact because it was the plaintiffs' law firm, and not plaintiffs themselves, which was charged, and which paid, for the copies of the medical records at issue. Spiro, 2014 WL 4277608, at *4.

In Spiro, the district court found the complaint insufficient even though the plaintiffs also alleged that each plaintiff later reimbursed the law firm for the cost of the copies, after the lawsuit in question settled. 2014 WL 4277608, at *4. Because the

copying costs were passed along to the client, the plaintiffs in Spiro argued that they each suffered an out-of-pocket monetary loss, and it was irrelevant that the law firm advanced the payments for them. The district court in Spiro disagreed, explaining that the complaint did not plead that any plaintiff was obligated to reimburse the law firm for the copying costs he or she incurred; instead, on the facts as pled, the decision by the plaintiffs to reimburse their lawyers after the fact, for the copying costs they had paid, "was a volitional act—an act of grace." Spiro, 2014 WL 42776087, at *5.  The district court in Spiro found that on the facts alleged, absent any allegation that the plaintiffs had an obligation to their attorney for reimbursement, any legal right to challenge the overcharging would belong exclusively to the law firm, as it was the law firm alone that suffered an injury caused by the defendants' overcharging. Id. On the facts alleged in the complaint, the plaintiffs' later decision to reimburse their lawyers, and the law firm's decision to accept such reimbursement, were "independent, volitional, discretionary acts, breaking the chain of causation necessary to establish Article III standing." Id. (citing Lujan, 504 U.S. at 560-61)).

 Here, the Amended Complaint does not even contain an allegation that Plaintiffs actually reimbursed their attorneys for the costs of the medical records, much less that they had any legal obligation to reimburse their attorney for their monetary outlay at the time they ordered the copies. Plaintiffs state that these allegations are unnecessary and urge that their allegation that

they paid for their medical records "through . . . counsel" are sufficient. The Court disagrees. The plaintiffs' complaint in Spiro contained allegations that were essentially the same as the allegations set forth by Plaintiffs here,[1] e.g., that "Plaintiff, through his attorneys, . . . paid said $74.00 bill . . . ." Spiro, 2014 WL 4277608, at *14 n. 4 (citations to record omitted). Observing that it was undisputed that the law firm, in fact, paid these bills, the district court in Spiro found that the plaintiffs' complaint did "not explain what is meant by the statement that plaintiffs thereby paid these bills." 2014 WL 4277608, at *14 n. 4. The district court declined to "treat this conclusory and elliptical statement as equivalent to a concrete factual allegation that the legal duty to pay these bills, or to reimburse [the law firm] for doing so, fell upon plaintiffs as of the time that [law firm] incurred the charge." Id. Likewise, Plaintiffs' Amended Complaint here fails to explain what is meant by the rather "conclusory and elliptical statement" that the copying costs were "paid through counsel." The Court cannot find any basis on which to distinguish Spiro from the present case; indeed, the pleadings in

---

[1] For instance, Plaintiff McCracken alleges in the Amended Complaint that she "requested medical records from Highland through her counsel"; that "Verisma, acting on behalf of Highland, sent an Invoice for Medical Record Request. The invoice indicated that McCracken would be charged $198.75 for 265 pages of medical records ($0.75 per page)"; that she "paid the $198.75 for her medical records through her counsel in order to obtain copies of the requested medical records"; and that the "fee charged to, and paid by, McCracken, exceeded the cost to produce these records, and included a built-in kickback from Verisma to UR and Highland." Am. Compl. ¶¶ 34-36, 39. The other Plaintiffs' claims are couched in similar language. See id. ¶¶ 43, 46 (Ferrell); ¶ 50 (Stilson); ¶¶ 55, 57 (McCloskey); ¶¶ 62, 63 (Trapatsos); ¶¶ 69, 70 (Bailey).

Spiro contained more detail on the issue of injury-in-fact but still were insufficient to carry the plaintiffs' burden.

All of Plaintiffs' causes of action hinge upon their claim that Verisma, acting in collusion with the Healthcare Defendants, overcharged Plaintiffs' attorneys for copies of Plaintiffs' medical records. Because the Amended Complaint does not contain sufficient facts establishing, by a preponderance of the evidence, that Plaintiffs have suffered an injury-in-fact,[2] the Court must find that standing is lacking. See Spiro, 2014 WL 4277608, at *4-*5.

In keeping with the district court's decision in Spiro, the Court elects to permit Plaintiffs here to amend the Amended Complaint to add facts relating to the terms of engagement[3] between Plaintiff and their attorneys, if those terms reflect that, at the time the attorneys incurred the copying expense, Plaintiffs would reimburse the attorneys for the costs they incurred in the course of representing Plaintiffs in their lawsuits. The Court anticipates that a newly amended complaint "would recite the date and specific relevant terms of the engagement between the plaintiff

---

[2] In Spiro, the analysis would have been different if the plaintiffs had been obligated, at the time their attorney incurred the copying expenses, to reimburse the attorney for expenses incurred in connection with representing them. Spiro, 2014 WL 4277608, at *5. As the district court in Spiro explained, if the plaintiffs owed a duty of reimbursement to their attorney (be it absolute or conditional), then the records provider's charge to the attorney and the attorney's payment of that charge would have give rise to a liability (or a contingent liability) on the plaintiffs' part. Id. (citations omitted).

[3] In New York State, an attorney is required to "provide to the client a written letter of engagement before commencing the representation, or within a reasonable time thereafter[.]" N.Y. COMP. CODES R. & REGS. tit. 22, § 1215.1. The engagement letter must explain the scope of the legal services to be provided; and the "attorney's fees to be charged, expenses and billing practices." Id.

and the [law] firm and attach the engagement letter between the plaintiff and the firm." Spiro, 2014 WL 4227608, at *6.

### C. Causation

The Healthcare Defendants further contend that Plaintiffs lack standing because Plaintiffs do not allege that Healthcare Defendants "directly overcharged them or collected . . . fees." Dkt #21-4 at 4. Instead, the Healthcare Defendants note, Plaintiffs "allege that Verisma sent invoices to their counsel for charges for processing the [records] requests, received the payment from their counsel, and provided the records. . . ." Id. at 5. Thus, the Healthcare Defendants argue, Plaintiffs did not plead that any conduct on the part of the Healthcare Defendants "caused or contributed to their purported financial injury." Id. Stated another way, the Healthcare Defendants argue that even assuming pecuniary injuries were suffered by Plaintiffs, such injuries are not "fairly traceable" to any acts or omissions by Healthcare Defendants.

It bears noting that the "fairly traceable" requirement imposes a "lesser burden" than the showing required for proximate cause. Rothstein v. UBS AG, 708 F.3d 82, 92 (2d Cir. 2013). Plaintiffs point out they allege that the Hospital Defendants contracted with Verisma to respond to requests for medical records, and that Verisma was "acting on behalf of [the Healthcare Defendants]" when it sent invoices for the costs of copying Plaintiffs' medical records. See Am. Compl. ¶¶ 35, 42, 49, 56, 63, 70. Plaintiffs thus have alleged that Verisma was acting as the

-11-

Healthcare Defendants' agent, and that any injury they suffered was "fairly traceable" to the Healthcare Defendants, by virtue of the alleged agency relationship. See Spiro, 2014 WL 4277608, at *14 n. 7 (rejecting hospitals' challenge to standing on the grounds that any injury suffered by plaintiffs was caused, not by them, but by Healthport, the company that responded to requests for records and billed for copying records; the complaint alleged that "Healthport was the hospitals' agent for the purpose of responding to patients' requests for medical records held by the hospitals") (citation to record omitted; citing, inter alia, Amusement Indus., Inc. v. Stern, 693 F. Supp.2d 327, 344 (S.D.N.Y. 2010) (Under New York law, "the principal will be liable to third parties for the acts of its agent that were within the scope of the agent's actual or apparent authority."). Plaintiffs also allege that the Healthcare Defendants participated directly with Verisma in a scheme to turn a profit in connection with supplying copies of medical records to patients. The Supreme Court has noted that for standing purposes, a plaintiff's burden of alleging that an injury is "fairly traceable" to a defendant's conduct is "relatively modest". Bennett v. Spear, 520 U.S. 154, 169 (1997). The Court finds that, at this early stage in the proceedings, Plaintiffs have met their modest burden on the element of causation.

## CONCLUSION

For the reasons set forth above, the Healthcare Defendants' Rule 12(b)(1) to dismiss is granted to the extent that the Court dismisses, without prejudice, the Amended Complaint for lack of

subject matter jurisdiction, with leave to replead in accordance with the Court's instructions, supra. The Court defers ruling on the Healthcare Defendants' Rule 12(b)(6) motion and Verisma's Rule 12(b)(6) until after such time that Plaintiffs file a Second Amended Complaint as directed, supra, in this Decision and Order. Plaintiffs' Second Amended Complaint is to be filed thirty (30) days from the date of entry of this Decision and Order.

**SO ORDERED.**

S/Michael A. Telesca

_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         May 18, 2015