UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANN McCRACKEN, JOAN FARRELL,
SARAH STILSON, KEVIN McCLOSKEY,     **DECISION AND ORDER**
CHRISTOPHER TRAPATSOS, and          **No. 6:14-cv-06248(MAT)**
KIMBERLY BAILEY, as individuals
and as representatives of the
classes,

                Plaintiffs,

     -vs-

VERISMA SYSTEMS, INC., STRONG
MEMORIAL HOSPITAL, HIGHLAND
HOSPITAL, and UNIVERSITY OF
ROCHESTER,

                Defendants.
_____

## I.  Introduction

Presently before the Court are three motions to seal (Dkt ##70, 86 and 89) filed by defendant Verisma Systems, Inc. ("Verisma"), pertaining to pleadings filed in connection with Plaintiffs' Motion for Class Certification and Verisma's Motion for Summary Judgment. Following the Court's receipt of correspondence from Plaintiffs suggesting that they had received information from Verisma that one of these motions to seal (Dkt #89) had been withdrawn, the Court requested clarification from Verisma on the status of all three motions.

In response, Verisma sent a letter to the Court (Dkt #109), explaining that it is not withdrawing its motions but rather is limiting the scope of the first motion (Dkt #70).  Verisma also requested in the letter that the second and third motions (Dkt ##86

& 89) be granted as submitted. Plaintiffs have not opposed or otherwise responded to Verisma's letter.

**II. The Stipulated Protective Orders**

The parties have entered several stipulated protective orders during the course of this litigation. In particular, the stipulated protective order entered on December 11, 2015 (Dkt #56) ("the 12/11/15 SPO") provides that any party or nonparty may designate documents or information as "confidential" after review by an attorney who has, in good faith, determined that the documents or information contain (1) information protected from disclosure by statute; (2) sensitive personal information; (3) trade secrets; (4) confidential research, development, project or commercial information; (5) non-public financial, or otherwise sensitive, information; or (6) information which the party is concerned may contain information identified in the foregoing items (1) through (5), and there is an expedited need to produce the documents; in such case, the documents can be evaluated, after their initial production, regarding their confidential nature. (See 12/11/15 SPO, ¶ 3 (Dkt # 56)).

When seeking to file any confidential materials that are subject to protection under the 12/11/15 SPO, the party "shall take appropriate action to insure that the documents/information receive proper protection from public disclosure by: (1) filing a redacted copy of the document that omits the [c]onfidential information; (2) where appropriate (e.g., in relation to discovery and

-2-

evidentiary motions), submitting the unredacted documents solely for *in camera* review; or (3) where the preceding measures are not practicable, seeking permission to file the document under seal." (Id., ¶ 5). The 12/11/15 SPO acknowledges the parties' understanding that documents may be filed under seal only upon proper motion and with the Court's permission. (Id.; see also id., ¶ 14 ("Nothing in this Order shall be deemed to permit court documents or any document in the Court file to be placed under seal absent further Order.")).

The 12/11/15 SPO further provides that all of its provisions restricting the use of documents and information designated as confidential "shall continue to be binding after the conclusion of the litigation unless otherwise agreed." (Id., ¶ 10(a)).

**III. Discussion**

    **A.    Docket Number 70**

Prior to filing their Motion for Class Certification, Plaintiffs disclosed to Verisma a list of proposed exhibits, which included 135 documents subject to the 12/11/15 SPO (Dkt #56). In response to that disclosure, Verisma filed a Motion to Seal (Dkt #70) and supporting attorney declaration (Declaration of Christopher Belter, Esq. ("Belter Decl.") (Dkt #70-1) with Exhibits ("Exhs.") 1-124 Filed Under Seal (Dkt #70-1); Exh. 125 (Dkt #70-4); Exh. 126 (Dkt #70-5); Exh. 127 (Dkt #70-6); Exh. 128 (Dkt #70-7); Exh. 129 (Dkt #70-8); Exh. 130 (Dkt #70-9); Exh. 131 (Dkt #70-10); Exh. 132 (Dkt #70-11); Exh. 133 (Dkt #70-12); Exh. 134 (Dkt #70-

13); & Exh. 135 (Dkt #70-14)). Verisma sought to seal these 135 exhibits on the grounds that they contain Verisma's confidential financial information regarding Verisma's costs and expenses, proprietary and confidential pricing information, and proprietary and confidential business methods and processes. Plaintiffs did not oppose this motion.

Verisma indicates that when Plaintiffs subsequently filed their Motion for Class Certification, they only attached a subset of 25 documents out of the 135 documents they had disclosed to Verisma as covered by the 12/11/15 SPO. Accordingly, Verisma has decided to limit the scope of Docket Number 70 to the 25 documents Plaintiffs actually filed. (See Letter from Christopher Belter, Esq. dated 8/17/17 ("Belter Letter") (Dkt #109)). Attached to the Belter Letter is a chart ("Exhibit A") consolidating the charts contained in Docket Number 70-1 at paragraphs 6, 7 and 9 (Dkt #70-1, pp. 3-8 of 9), and has highlighted various documents to indicate that these are the documents actually submitted by Plaintiffs as exhibits.

The Court agrees that the 25 documents submitted by Plaintiffs are covered by the SPO. "Courts have limited public access to sensitive business information by sealing portions of the record, finding that safeguarding trade secrets can overcome the presumption of access." Hesse v. SunGard Sys. Int'l, No. 12 CIV. 1990 CM JLC, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (exhibits that "include sensitive client information and

proprietary business information, including inter alia, the company's billing rates and project pricing, as well as details of specific projects completed for several clients" should be sealed) (citing Encyclopedia Brown Prods., Ltd. v. Home Box Office, 26 F. Supp.2d 606, 612 (S.D.N.Y. 1998) (sealing portions of record, noting that "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents and restricting public access during trial")). The Court finds that Verisma has sufficiently shown a legitimate basis for sealing the documents at issue in Docket Number 70. See, e.g., Encyclopedia Brown Prods., Ltd., 26 F. Supp.2d at 612. Accordingly, the Court grants Verisma's Motion to Seal (Dkt #70) to the extent that the following documents are ordered to be filed under seal pursuant to the terms of the December 11, 2015 SPO (Dkt #56):

| Submitted as Belter Declaration Exhibit Number (Dkt #) | Bates Number Range | Submitted as Plaintiffs' Exhibit Number or Letter (Dkt #) |
|---|---|---|
| 1 (Dkt #70-2)[1] | VERISMA111607 | Frisch Decl.,[2] Exh. 22 (Dkt #73-22) |

---

[1] Dkt #70-1 encompasses Exhibits 1 – 124, all of which were filed under seal.

[2] Declaration of Eleanor E. Frisch (Dkt #73).

| Submitted as Belter Declaration Exhibit Number (Dkt #) | Bates Number Range | Submitted as Plaintiffs' Exhibit Number or Letter (Dkt #) |
|---|---|---|
| 2 (Dkt #70-2) | VERISMA118137 | Frisch Decl., Exh. 25 (Dkt #73-25) |
| 3 (Dkt #70-2) | VERISMA118131 | Frisch Decl., Exh. 26 (Dkt #73-26) |
| 4 (Dkt #70-2) | VERISMA118136 | Frisch Decl., Exh. 27 (Dkt #73-27) |
| 5 (Dkt #70-2) | VERISMA118133 | Frisch Decl., Exh. 28 (Dkt #73-28) |
| 6 (Dkt #70-2) | VERISMA118132 | Frisch Decl., Exh. 29 (Dkt #73-29) |
| 7 (Dkt #70-2) | VERISMA118135 | Frisch Decl., Exh. 30 (Dkt #73-30) |
| 8 (Dkt #70-2) | VERISMA111610 | Frisch Decl., Exh. 31 (Dkt #73-31) |
| 9 (Dkt #70-2) | VERISMA111411 – 111459 | Krieger Decl.,[3] Exh. B Dkt #75-3 Exh. C Dkt #75-4 Exh. D Dkt #75-5 |
| 10 (Dkt #70-2) | VERISMA111460 – 111503 | Krieger Decl., Exh. D (Dkt ## 75-5 Exh. E& 75-6) |
| 11 (Dkt #70-2) | VERISMA111504 – 111555 | Krieger Decl., Exh. C Exh. D (Dkt ##75-4 & 75-5) |
| 12 (Dkt #70-2) | VERISMA111556 – 111605 | Krieger Decl., Exh. C (Dkt #75-4) Exh. D (Dkt #75-5) |
| 13 (Dkt #70-2) | VERISMA111606 & VERISMA118959 | Krieger Decl., Exh. C (Dkt #75-4) Exh. F1 (Dkt #75-7 Exh. F2 (Dkt #75-8) |
| 125 (Dkt #70-3) | VERISMA008818 | Frisch Decl., Exh. 11 (Dkt #73-11) |

---

[3] Declaration of William G. Krieger (Dkt #75).

| Submitted as Belter Declaration Exhibit Number (Dkt #) | Bates Number Range | Submitted as Plaintiffs' Exhibit Number or Letter (Dkt #) |
|---|---|---|
| 126 (Dkt #70-4) | UR000960 – 000961 | Frisch Decl., Exh. 12 (Dkt #73-12) |
| 127 (Dkt #70-5) | UR000985 – 000987 | Frisch Decl., Exh. 13 (Dkt #73-13) |
| 128 (Dkt #70-6) | UR000973 – 000978 | Frisch Decl., Exh. 14 (Dkt #73-14) |
| 129 (Dkt #70-7) | UR000898 – 000901 | Frisch Decl., Exh. 15 (Dkt #73-15) |
| 130 (Dkt #70-8) | UR000002 – UR000010 | Frisch Decl., Exh. 17 (Dkt #73-17) |
| 131 (Dkt #70-9) | VERISMA000010 – 000011 | Frisch Decl., Exh. 18 (Dkt #73-18) |
| 132 (Dkt #70-10) | VERISMA026451 – 026456 | Frisch Decl., Exh. 19 (Dkt #73-19) |
| 133 (Dkt #70-11) | UR000081 – 000094 | Frisch Decl., Exh. 7 (Dkt #73-7) |
| 134 (Dkt #70-12) | VERISMA008808 – 008817 | Frisch Decl., Exh. 10 (Dkt #73-10) |
| 135 (Dkt #70-13) | VERISMA034553 – 034567 | Frisch Decl., Exh. 20 (Dkt #73-20) |

**B.  Docket Number 86**

This motion to seal pertains to pleadings filed in support of Verisma's Motion for Summary Judgment, specifically, the Declaration of Andrew McManus ("McManus Declaration") (Dkt #84-9), and the Declaration of Anne Eberhardt ("Eberhardt Declaration") (Dkt #84-11). Verisma submits that certain content in the Eberhardt

Declaration and certain exhibits attached thereto, as well as the exhibits to the McManus Declaration should be filed under seal.

**1. McManus Declaration Exhibits**

Verisma asserts that the two exhibits attached to the McManus Declaration must be filed under seal because they contain information exempted from disclosure pursuant to the Health Information Portability and Accountability Act ("HIPAA"), Pub. L. No. 104-191, 110 Stat.1936, 45 C.F.R. § 164.512 et seq. Specifically, Exhibit A to the McManus Declaration contains the names of patients who had medical records requests fulfilled by Verisma; and Exhibit B includes documents relating to medical records requests made by Plaintiffs' counsel on behalf of other individuals whom Plaintiffs seek to include within the class definition. At present, none of the individuals identified in Exhibits A and B are parties to this litigation.

HIPAA and the accompanying regulations promulgated by the United States Department of Health & Human Services ("HHS") exempt from disclosure "protected health information" "except as permitted or required by" 45 C.F.R. Pt. 164, Subpt. E and 45 C.F.R. Pt. 160, Subpt. C. See 45 C.F.R. § 164.502(a). The term "health information" covers, among other things, "past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual." 45 C.F.R. § 160.103. "Courts in this Circuit have repeatedly held

that information protected by HIPAA is not subject to a First Amendment or common-law right of access and thus have sealed docket entries and redacted documents that contain such information." Offor v. Mercy Med. Ctr., 167 F. Supp.3d 414, 445 (E.D.N.Y. 2016) (collecting cases), vacated in part on other grounds, 676 F. App'x 51 (2d Cir. 2017).

However, HHS's "regulations also provide that health records are not considered individually identifiable, and thus not 'protected health information,' if certain information is redacted." Nat'l Abortion Fed'n v. Ashcroft, No. 03 CIV. 8695(RCC), 2004 WL 555701, at *3 (S.D.N.Y. Mar. 19, 2004) (citing 45 C.F.R. § 164.514(a) ("Health information that does not identify an individual and with respect to which there is no reasonable basis to believe that information can be used to identify an individual is not individually identifiable health information.")). According to the HHS regulations regarding HIPAA, the following identifiers must be removed to render medical records not "individually identifiable": names; geographic subdivisions smaller than a state (including addresses and full zip codes); all dates except years; telephone and fax numbers; email addresses; social security numbers; medical record numbers; health plan beneficiary numbers; account numbers; license numbers; vehicle identifiers; device identifiers; internet addresses; biometric identifiers such as finger and voice prints; photographs of the individual's full face; and any other unique identifying number, characteristic, or code.

See 45 C.F.R. § 164.514(b)(2)(I). "Records without this data are not considered to be individually identifiable, and therefore are not protected health information." Nat'l Abortion Fed'n, 2004 WL 555701, at *3 (citing 45 C.F.R. § 164.514(a)).

Verisma has established that Exhibits A and B to the McManus Declaration contain "protected health information" under HIPAA. Therefore, they are not subject to a First Amendment or common-law right of access. Accordingly, they will be filed under seal.

### 2. Eberhardt Declaration Content

Verisma asserts that the Eberhardt Declaration contains its private financial information, including records of business expenditures, as well as its internal pricing information. Verisma contends that all of this sensitive financial information should be sealed because, as a privately held corporation that does not disclose its financial information, Verisma would be placed at a competitive disadvantage by disclosure of its financial information and pricing strategies.

As noted above, "[c]ourts have limited public access to sensitive business information by sealing portions of the record, finding that safeguarding trade secrets can overcome the presumption of access." Hesse, 2013 WL 174403, at *2 (citing Encyclopedia Brown Prods., Ltd., 26 F. Supp.2d at 612). Under the present circumstances, the Court finds it appropriate to seal the Eberhardt Declaration content identified by Verisma as sensitive proprietary or financial information. The Court notes that Verisma

has redacted only its confidential financial information from the Eberhardt Declaration, thereby narrowly tailoring the amount of information that will be protected from public access.

### 3. Eberhardt Declaration Exhibits

According to Verisma, the following exhibits to the Eberhardt Declaration should be filed under seal:

- Exhibit 3, which contains Verisma's indirect cost schedules for the years 2012 to 2015;

- Exhibits 4, 5, 6, 7, which contain excerpts from Verisma's internal financial records for 2012, 2013, 2014, and 2015, respectively; and

- Exhibit 8, which contains records produced by the University of Rochester pursuant to a confidentiality agreement and which discloses University of Rochester employee compensation information.

(Declaration of Christopher Belter, Esq. (Dkt #86), ¶ 10). Verisma argues that the foregoing documents contain personal health information exempt from disclosure the certain confidential financial and proprietary information; and confidential compensation-related information for University of Rochester employees. The Court finds that the identified documents contain information exempt from disclosure under HIPAA, which must be filed under seal. With regard to the confidential financial and proprietary information in the exhibits identified above, the Court concludes that Verisma's "privacy interests . . . outweigh the presumption of public access, and that it is appropriate for these materials to [be filed] under seal." GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C., 769 F. Supp.2d 630, 649–50 (S.D.N.Y. 2011)

(granting motion to seal exhibits that "contain highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"). Finally, with regard to the University of Rochester employee compensation information, the Court concludes that the privacy interests of the employees, who are not parties to this action, outweigh the presumption of public access to court documents. These materials will be filed under seal.

**C.  Docket Number 89**

This motion seal addresses Plaintiff's Response in Opposition to Verisma's Motion for Summary Judgment. In connection with their Response, Plaintiffs have publicly filed a redacted version of their expert's reply declaration (William G. Krieger Reply Declaration ("Krieger Reply") (Dkt #88-3). Plaintiffs also provided the Court with an unredacted version of the Krieger Reply. Verisma seeks to have the unredacted version of the Krieger Reply filed under seal. Verisma asserts that the redactions to the Krieger Reply are limited to avoid public disclosure of Verisma's private financial data, including the costs it incurs in providing its services. As Verisma argues, New York courts have recognized that this type of financial information is appropriately subject to a sealing order. See, e.g., Godson v. Eltman, Eltman & Cooper, P.C., 285 F.R.D. 255, 262 (W.D.N.Y. 2012) (granting defendants' motion to seal "because [they] seek to file potentially sensitive financial information") (citing Nanjing Textiles IMP/EXP Corp. v. NCC

Sportswear Corp., No. 06 CIV. 52(JGK)(KNF), 2006 WL 2381847, at *2 (S.D.N.Y. Aug. 14, 2006) (finding that plaintiff's counsel should be sanctioned for attaching NCC's Financial Statement to publicly filed motion papers; granting NCC's request that the Financial Statement be filed under seal). Accordingly, the Court grants Verisma's request to have the unredacted version of the William G. Krieger Reply Declaration (Dkt #88-3) filed under seal.

**IV. Conclusion**

For the foregoing reasons, and to the extent discussed above, Verisma's Motions to Seal (Dkt ##70, 86, & 89) are **granted.**

**SO ORDERED.**

S/Michael A. Telesca
_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   September 26, 2017
         Rochester, New York.