UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANN McCRACKEN; JOAN FARRELL; SARAH
STILSON; KEVIN MCCLOSKEY;
CHRISTOPHER TRAPATSOS; and KIMBERLY
BAILEY, as individuals and as
representatives of the classes,

Plaintiffs,

-vs-

VERISMA SYSTEMS, INC.; UNIVERSITY
OF ROCHESTER; STRONG MEMORIAL
HOSPITAL; and HIGHLAND HOSPITAL,

Defendants.

No. 6:14-cv-06248(MAT)
**DECISION AND ORDER**

---

## I. Introduction

This is a class action by Ann McCracken, Joan Farrell, Sara Stilson, Kevin McCloskey, Christopher Trapatsos, and Kimberly Bailey (collectively, "Plaintiffs") against Verisma Systems, Inc. ("Verisma"), Highland Hospital, Strong Memorial Hospital, and the University of Rochester (collectively, "the Hospital Defendants"). Plaintiffs allege that Verisma and the Hospital Defendants systematically overcharged patients who requested copies of their medical records, in violation of New York Public Health Law ("PHL") § 18.[1] Presently before the Court is Verisma's Motion for Reconsideration ("Reconsideration Motion") (ECF #132) of the Court's May 15, 2017 Decision and Order (ECF #100) denying

---

[1] The statute provides in relevant part that "[t]he provider may impose a reasonable charge for all inspections and copies, not exceeding the costs incurred by such provider. . . . However, the reasonable charge for paper copies shall not exceed seventy-five cents per page." N.Y. PUBLIC HEALTH L. § 18(2)(e).

Verisma's Motion for Partial Summary Judgment (ECF #84). Plaintiffs have filed a Memorandum of Law in Opposition ("Pls.' Mem.") (ECF #134). The Hospital Defendants also have filed a Memorandum of Law in Opposition ("Hosp. Defs.' Mem.") (ECF #135). Verisma filed a Response in Support of the Reconsideration Motion ("Response") (ECF #137). For the reasons discussed below, the Reconsideration Motion is denied without prejudice.

## II. Discussion

### A. Standard for Granting Reconsideration

Federal Rule of Civil Procedure 54(b) ("Rule 54(b)") "provides, in relevant part, that, prior to entry of a final judgment, an interlocutory 'order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.'" *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 167 (2d Cir. 2003) ("*Color Tile*") (quoting FED. R. CIV. P. 54(b)). The Second Circuit has "limited district courts' reconsideration of earlier decisions under Rule 54(b) by treating those decisions as law of the case, which gives a district court discretion to revisit earlier rulings in the same case[.]" *Id.* There is a significant caveat, however: "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Zdanok v. Glidden Co.,* 327 F.2d 944, 953

(2d Cir. 1964). Thus, non-final or interlocutory decisions "may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Color Tile*, 322 F.3d at 167 (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted in original)).

**B. Verisma Has Not Cited "Controlling Law" in Support of Reconsideration**

The only decision Verisma has cited in support of its argument that reconsideration is justified based on a district court decision out of the Southern District of New York. *See* Verisma's Memorandum of Law ("Verisma's Mem.") (ECF #132-2) at 3-4 (citing *Ruzhinskaya v. HealthPort Techs., LLC*, 291 F. Supp.3d 484, 498 (S.D.N.Y. Mar. 14, 2018) (holding "that, under [PHL] § 18, an entity other than a health care provider is not liable for charging for its services in connection with records requests more than its costs incurred."), *appeal docketed as Spiro, et al. v. Healthport Technologies, LLC*, No. 18-1034 (2d Cir. Apr. 11, 2018).

Plaintiffs and the Hospital Defendants argue that a district court decision cannot be "controlling law" for purposes of Rule 54(b). *See* Pls.' Mem. at 4-5; Hosp. Defs.' Mem. at 2-3. Verisma counters by rephrasing the reconsideration standard as being warranted when a party points to "a controlling *or significant*

change in the law." Verisma's Mem. at 4 (citing *Moog, Inc. v. United States*, No. MISC. CIV-90-215E, 1991 WL 255371, at *1 (W.D.N.Y. Nov. 21, 1991) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)) (emphasis added)). Verisma contends that the March 2018 *Ruzinskaya* decision is "significant" and therefore warrants reconsideration. As Plaintiffs point out, the "or significant" language on which Verisma relies originated in an out-of-district, out-of-circuit case and does not articulate the proper standard in this Circuit. *Above the Belt, Inc.*, a decades-old Virginia district court case which was not appealed, does not cite any precedent for its phrasing of the reconsideration standard. *See Above the Belt, Inc.*, 99 F.R.D. at 101.

The Second Circuit, when considering motions for reconsideration, has repeatedly described the test as whether there has been an intervening change in "controlling" law. *In re Nassau Cty. Strip Search Cases*, 639 F. App'x 746, 749 (2d Cir.) (unpublished opn.) ("[T]he dispositive word from the Rule 54(b) framework described above is 'controlling.'"), *cert. denied sub nom. Nassau Cty. Sheriff's Dep't, Div. of Correction v. Augustin*, 137 S. Ct. 313 (2016); *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error

or prevent manifest injustice.'") (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478, at 790 (1981) (footnote omitted in original)) (quoted in *Cox v. Donnelly,* 432 F.3d 388, 390 (2d Cir. 2005)).

Furthermore, it is established beyond debate that district courts are "bound by the decisions of the Supreme Court of the United States and those of the Circuit Court of Appeals in their own circuit, but are not bound by those of a federal court of co-ordinate jurisdiction, or even the decisions of a federal Circuit Court of Appeals in another circuit." *Cont'l Sec. Co. v. Interborough Rapid Transit Co.*, 165 F. 945, 959–60 (C.C. S.D.N.Y. 1908); *see also Blair v. Deboo,* No. CIV.A. 304CV1357CFD, 2004 WL 3052022, at *2 (D. Conn. Dec. 30, 2004) (district court in Connective stated that it "is not bound by the decisions of any courts other than the Second Circuit Court of Appeals and the United States Supreme Court") (citing 18 Moore's Federal Practice § 134.02[2] ("The decisions of the court of appeals for one circuit are not binding upon the courts of appeal for other circuits"); other citations omitted). It necessarily follows that a district court decision cannot constitute an intervening change of controlling law sufficient to warrant reconsideration. *See, e.g., Langsam v. Vallarta Gardens*, No. 08 CIV.2222(LAP), 2009 WL 2252612, at *2 (S.D.N.Y. July 28, 2009) (district judge in Southern District of New York stated that "[c]ontrolling decisions include decisions

from the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts, even courts in the Southern District of New York") (citing *Ades v. Deloitte & Touche*, 843 F. Supp. 888, 892 (S.D.N.Y. 1994); *Boatswain v. New York,* No. 12-CV-6078 SLT MDG, 2013 WL 129330, at *1 (E.D.N.Y. Jan. 7, 2013) (finding that "neither the report and recommendation [of a Vermont magistrate judge] nor the district court order adopting it are controlling upon" a district court in the Eastern District of New York) (citing *Herman Miller, Inc. v. Worth Capital, Inc.,* No. 97 Civ. 7878(SAS), 1998 WL 226202, at *1 (S.D.N.Y. May 4, 1998) ("The decision of a fellow district court is not a 'controlling' one" for the purposes of a motion for reconsideration)).

Even assuming *arguendo* that the March 2018 *Ruzhinskaya* district court decision potentially could qualify as "controlling law" for purposes of reconsideration, the fact that the case is currently on appeal to the Second Circuit renders it an inappropriate basis on which to overturn this Court's previous decision.

### III. Conclusion

For the foregoing reasons, Verisma's Motion for Reconsideration is denied. However, the Second Circuit in the *Ruzhinskaya* appeal eventually may reach a conclusion contrary to that reached by this Court on the proper interpretation of the

scope of PHL § 18. Therefore, the denial of reconsideration is without prejudice.

**SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   August 28, 2018
         Rochester, New York