UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANN McCRACKEN; JOAN FARRELL; SARAH
STILSON; KEVIN MCCLOSKEY;
CHRISTOPHER TRAPATSOS; and KIMBERLY
BAILEY, as individuals and as
representatives of the classes,

                  Plaintiffs,

-vs-

VERISMA SYSTEMS, INC.; UNIVERSITY
OF ROCHESTER; STRONG MEMORIAL
HOSPITAL; and HIGHLAND HOSPITAL,

                  Defendants.

**No. 6:14-cv-06248(MAT)**
**DECISION AND ORDER**

---

## I. Introduction

This is a class action by Ann McCracken, Joan Farrell, Sara Stilson, Kevin McCloskey, Christopher Trapatsos, and Kimberly Bailey (collectively, "Plaintiffs") against Verisma Systems, Inc. ("Verisma"), Highland Hospital, Strong Memorial Hospital, and the University of Rochester (collectively, "the Hospital Defendants"). Plaintiffs allege that Verisma and the Hospital Defendants systematically overcharged patients who requested copies of their medical records, in violation of New York Public Health Law ("PHL") § 18.[1] Presently the Hospital Defendants' First Motion to Stay (ECF #138) this matter pending the resolution of an appeal before the Second Circuit in a similar case, *Spiro, et al. v. HealthPort*

---

[1] The statute provides in relevant part that "[t]he provider may impose a reasonable charge for all inspections and copies, not exceeding the costs incurred by such provider. . . . However, the reasonable charge for paper copies shall not exceed seventy-five cents per page." N.Y. PUBLIC HEALTH L. § 18(2)(e).

*Techs., LLC, et al.*, 18-1034 (2d Cir. Apr. 11, 2018).[2] Plaintiffs filed a Memorandum of Law in Opposition ("Pls.' Mem.") (ECF #134). Verisam also filed a Memorandum of Law in Opposition ("Verisma's Mem.") (ECF #141). The Hospital Defendants filed a Reply (ECF #143). For the reasons discussed below, the Stay Motion is granted.

**II. Background Regarding the Relevance of the *Ruzhinskaya* Appeal to This Case**

    **A.   *Ruzhinskaya v. HealthPort Techs., LLC,* 311 F.R.D. 87 (S.D.N.Y. 2015) ("*Ruzhinskaya I*")**

In November 2016, Verisma moved for partial summary judgment in this case, arguing that it is not subject to PHL § 18 because it is not a health care "provider." Plaintiffs opposed Verisma's motion, citing other court decisions interpreting PHL § 18 and similar statutes to apply to a health care provider's release-of-information ("ROI") vendor, such as Verisma. This Court, in a May 15, 2017 Decision and Order (ECF #100), held that Verisma, although not a health care provider, is subject to PHL § 18. The Court relied in part on the district court's decision in *Ruzhinskaya I*.[3] In particular, this Court cited the district

---

[2] Although the appeal is docketed with the lead appellant's name being "Spiro," the Court and the parties will continue to refer to it as the *Ruzhinskaya* case, since that is the name of the plaintiff whose case precipitated the appeal.

[3] HealthPort Technologies, LLC ("HealthPort"), like Verisma, is an ROI provider. HealthPort contracted with Beth Israel Medical Center ("Beth Israel") to provide ROI services. The plaintiffs in *Ruzhinskaya* are qualified persons who requested copies of their medical records from Beth Israel, who in turn gave the medical records to HealthPort. HealthPort, per its contract with Beth Israel,

court's statement that "HealthPort derives its statutory duty [under PHL § 18] from each provider's statutory obligation. HealthPort effectively stands in the shoes of around 500 New York providers who have delegated to it the responsibility for responding to patient records requests." 311 F.R.D. at 104.

### B. *Ruzhinskaya v. HealthPort Techs.*, LLC, 291 F. Supp. 3d 484 (S.D.N.Y. 2018) ("*Ruzhinskaya II*")

However, in *Ruzhinskaya II*, decided on March 14, 2018, the district court essentially reversed course. HealthPort had moved for summary judgment on the basis its 75-cent-per-page fee did not exceed "the costs incurred by such provider" because that fee should be treated as a cost incurred by Beth Israel Medical Center. In opposing HealthPort's motion and cross-moving for summary judgment, Ruzhinskaya reiterated her position that HealthPort—the entity that imposes a charge for copies—assumed the responsibilities of the "provider" under PHL § 18 by virtue of its contractual relationship with Beth Israel Medical Center. Although the district court found "material disputes of fact as to what the 'costs incurred' by both Beth Israel and HealthPort were and how these are properly tabulated," it granted summary judgment in HealthPort's favor, based on an argument not raised by HealthPort—namely, that even though HealthPort imposed a charge for copies of medical records requests directed to a "provider" under

---

copied the records and then charged the plaintiffs the statutory maximum set forth in PHL § 18 of 75¢ per page.

-3-

PHL § 18(2)(d), it owed no duty "to limit its charges." Thus, it could not be held liable under PHL § 18(2)(e).

    **C.    The *Ruzhinskaya* Appeal**

Ruzhinskaya appealed and raised nine issues for review, including whether the district court erred in granting summary judgment in favor of HealthPort on the ground that HealthPort had no duty to limit its fees to "the costs incurred by such provider" under PHL § 18 because HealthPort is not a "health care provider" as defined in the statute; whether the district court erred in interpreting the "costs incurred" for copies under PHL § 18 to include other, separate costs associated with the release of information process; and whether the district court erred in interpreting the "costs incurred" for copies under PHL § 18 to include costs not incurred by the entity seeking reimbursement under PHL § 18. *See* Plaintiffs' Appellate Brief at 3-4 in *Spiro, et al. v. HealthPort Techs., LLC, et al.*, 18-1034 (2d Cir. Apr. 11, 2018). In addition, Ruzhinskaya requested that the Second Circuit certify two questions to the New York Court of Appeals regarding the scope and application of PHL § 18. *Id.* at 58.

**III. The Standard for Granting a Stay**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936);

*accord Clinton v. Jones*, 520 U.S. 681, 706-08 (1997). "It is within the sound discretion of a district court to enter a stay pending the outcome of independent proceedings that are likely to affect a case on its calendar." *Trikona Advisors Ltd. v. Kai-Lin Chuang*, No. 12-CV-3886, 2013 WL 1182960, at *2 (E.D.N.Y. Mar. 20, 2013) (citing *Goldstein v. Time Warner N.Y. City Cable Grp.*, 3 F. Supp.2d 423, 437-38 (S.D.N.Y. 1998) (citing *Leyba v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir.), *cert. denied*, 444 U.S. 827 (1979)).

"The [party] seeking a stay 'bears the burden of establishing its need.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (quoting *Clinton,* 520 U.S. at 708). When deciding a motion to stay a civil action, courts in this Circuit usually apply the following factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *United States v. Town of Oyster Bay*, 66 F. Supp.3d 285, 289 (E.D.N.Y. 2014) (quoting *Kappel v. Comfort,* 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (citing *Volmar Distribs. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)). Although *Kappel* involved a stay pending resolution of concurrent criminal matters, the five-factor

test articulated in that case is widely applied within this Circuit for determining whether or not to grant a stay pending an appeal in a civil proceeding. *Estate of Heiser v. Deutsche Bank Tr. Co. Americas*, No. 11 CIV. 1608 AJN MHD, 2012 WL 2865485, at *3 & n. 1 (S.D.N.Y. July 10, 2012) (citing, *inter alia*, *SST Global Tech., LLC v. Chapman,* 270 F. Supp.2d 444, 445 (S.D.N.Y. 2003) ("The test used in *Kappel* has been applied to stay a federal action in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law. . . .") (emphasis omitted) (collecting cases)), *R&R adopted*, No. 11 CIV. 1608 AJN MHD, 2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Volmar Distributors v. New York Post Co.,* 152 F.R.D. 36, 39 (S.D.N.Y. 1993); *accord*, *e.g.*, *Kappel,* 914 F. Supp. at 1058. The Supreme Court's seminal case on stays *pendente lite* "makes it clear that 'the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward' with litigation (i.e., a 'strong showing' of need for a stay) only where 'there is . . . a fair possibility that the stay . . . will work damage to some one else." *An Giang Agric. & Food Imp. Exp. Co. v. United States*, 28 C.I.T. 1671, 350 F. Supp.2d 1162, 1164 (U.S. Ct. Int'l Trade 2004) (quoting *Landis*, 299 U.S. at 255) (ellipses in original)).

Here, none of the parties dispute the appropriateness of the *Kappel* test in this context. Therefore, the Court will apply it.

**IV. Application of the Five-Factor *Kappel* Test**

    **1.    Prejudice to the Non-Movants**

Plaintiffs argue that the delay created by a stay whose end-date is dependent on the actions of another court will cause them undue prejudice. However, the fact delay will result from a stay does not, in and of itself, warrant denial of their motion. "Because delay results inherently from the issuance of a stay, courts have found that '"mere"' delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage." *Nussbaum v. Diversified Consultants, Inc.,* No. CIV. 15-600, 2015 WL 5707147, at *2 (D. N.J. Sept. 28, 2015) (quoting *Akishev v. Kapustin*, 23 F. Supp.3d 440, 447 (D. N.J. 2014); other citation omitted).

Plaintiffs also suggest that a stay will dilute the quality of the evidence. This concern is unfounded. As the Hospital Defendants note, the parties have exchanged all relevant discovery and numerous party depositions have been conducted in connection with Plaintiffs' claim. Thus, all necessary evidence is preserved and will not be diluted during the stay. *See Reynolds v. Time Warner Cable, Inc.,* No. 16-CV-6165W, 2017 WL 362025, at *2 (W.D.N.Y. Jan. 25, 2017) ("The expected delay is not likely to adversely affect witness memories (indeed, plaintiff himself is likely the

most important witness in support of his claims) or risk loss or destruction of records (presumably, TWC has placed a litigation hold on records of debt collection communications with plaintiff).") (citation omitted).

For its part, Verisma asserts that it will be prejudiced by a stay because it is entitled to a prompt resolution of this matter. This argument appears to have been premised on Verisma's belief that its motion for reconsideration would be granted. However, the Court recently decided Verisma's request for reconsideration. Therefore, the Court's current ruling on the scope of PHL § 18(2)(e), which is unfavorable to Verisma's position, remains in place. It would seem that, given the Court's denial of Verisma's motion for reconsideration, Verisma will not be prejudiced by delaying this case until the appeal in *Ruzhinskaya* is resolved.

In sum, the Court finds that neither Plaintiffs nor Verisma have persuasively articulated how they would be prejudiced by holding this proceeding in abeyance, apart from citing the delay inherent in all stays. "'[I]t does not suffice for any party-plaintiff, defendant, or otherwise-to assert . . . an inherent right [to proceed in litigation] and rest its case on that bald, abstract proposition, without articulating in concrete terms the practical, real life effects of the potential deprivation of that right under the circumstances of the particular case at bar.'"

*LaSala v. Needham & Co.,* 399 F. Supp.2d 421, 430 & n. 58 (S.D.N.Y. 2005) (quoting *An Giang Agric.,* 350 F. Supp.2d at 1164 n. 3).

### 2. Hardship to the Movants

The Hospital Defendants argue that they will suffer considerable hardship and inequity if the proceedings advance prior to the appeal in *Ruzhinskaya* being decided. The Hospital Defendants' argument on this point, however, essentially repeats its argument concerning the *Kappel* test's judicial economy and public interest factors. As discussed in the subsequent sections, these factors weigh in favor of a stay.

### 3. The Court's Interests

The Hospital Defendants argue that it is in the Court's interests, as well as the public interest and the interests of non-parties, to stay this action. Without a stay, and with the Second Circuit's view of the proper application of PHL § 18(2)(e) in question, the parties will expend significant resources in proceedings with expert discovery and trial preparation based on this Court's current holding that Verisma is subject to PHL § 18(2)(e). *See* Hosp. Defs.' Reply at 3. The appellants in *Ruzhinskaya* have requested that the Second Circuit certify to the New York Court of Appeals the question of whether PHL § 18 applies to an entity to which a health care provider delegates responsibility, such as Verisma, and assigns the right to charge for responding to requests for medical records. If this question is

answered in the negative, then the controlling authority will be as stated in *Ruzhinskaya II,* and PHL § 18(2)(e) does not apply to Verisma. On the other hand, it is possible that the Second Circuit will reverse *Ruhzinskaya II* and hold that vendors are subject to PHL § 18 (2)(e). In that circumstance, the defendants would have to address whether both a vendor's and the provider's costs are considered in determining "costs incurred" under PHL § 18 (2)(e). This is the subject of the other question requested to be certified to the New York Court of Appeals, namely, whether "a reasonable charge for . . . copies" under PHL § 18 is limited to "the costs incurred" for the copies. Indeed, this issue stands out to the Court after reviewing the opening brief in *Ruzhinskaya.* The appellants devote a substantial portion of their brief arguing that the district court erred in implicitly broadening the term "copies" to include indirect costs involved in the whole ROI process (e.g., overhead and supervisory labor costs, as well as the work of retrieving a patient's medical records from within a hospital, database, or outside storage facility). The answer to this question will be of substantial importance to the instant matter. The Second Circuit's opinion in *Ruzhinskaya* certainly will provide clarification on key issues in this case, which weighs in favor of a stay. *See, e.g., Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp.2d 295, 304-05 (S.D.N.Y. 2009) (stay was warranted in actions of various environmental groups,

states, and Canadian province for judicial review of National Pollutant Discharge Elimination System Water Transfers Rule regulating activities involving transfer of waters from one location to another, as promulgated by EPA under Clean Water Act, pending another circuit's resolution of similar issues pending before it; although other circuit's rulings were not necessarily controlling, they could have provided guidance, thus promoting judicial efficiency and minimizing possibility of conflicts between different courts, and neither plaintiffs nor EPA were prejudiced by any delay resulting from stay); *An Giang Agri. & Food Imp. Exp. Co.,* 350 F. Supp.2d at 1172 (staying action pending outcome of other litigation was warranted, where opinion in other case "will likely streamline and clarify the issues in this case"; "[p]articularly in light of the absence of any showing of real harm associated with it, entry of the requested stay will serve both the interests of judicial economy and the interests of the parties").

### 4. The Public Interest

"[C]onsiderations of judicial economy are frequently viewed as relevant to the public interest, and, as noted, they weigh against the investment of court resources that may prove to have been unnecessary." *Readick v. Avis Budget Grp., Inc.*, No. 12 CIV. 3988 PGG, 2014 WL 1683799, at *6 (S.D.N.Y. Apr. 28, 2014) (quotation omitted). As discussed above, the Court's interests are served by a stay because stay will promote judicial efficiency and "minimize

the possibility of conflicts between different courts." *N.Y. Power Auth. v. United States*, 42 Fed. Cl. 795, 799 (Fed. Cir. 1999) (quoted in *Catskill Mountains Chapter of Trout Unlimited, Inc.*, 630 F. Supp.2d at 304); *see also Nuccio v. Duve,* No. 7:13-CV-1556 MAD/TWD, 2015 WL 1189617, at *5 (N.D.N.Y. Mar. 16, 2015) ("Permitting this action to proceed while judicial resources elswhere are already devoted to determining the exact legal questions at issue here would be an inefficient use of judicial time and resources.").

### 5. The Interests of Non-Parties

Plaintiffs argue that the interests of persons not parties to the civil litigation also "weigh heavily" against a stay because "thousands of class members" will be prejudiced if the proceedings are delayed. by delaying the proceedings. As discussed above, delay does not, without more, necessitate a finding of undue prejudice. *E.g.*, *Nussbaum,* at 2015 WL 5707147, at *2. Plaintiffs here have not identified any particularized harm to potential class members if a stay is entered in this case. Rather, the interests of any possible nonparties to this litigation would be better served by awaiting a decision in *Ruzhinskaya*, which will provide invaluable guidance to the Court on key trial issues in this case. *See*, *e.g.*, *Jones v. Credit Acceptance Corp.*, No. CV 15-13165, 2016 WL 7320919, at *3 (E.D. Mich. Oct. 31, 2016) (proceeding on motions for summary

judgment or to trial with uncertain standards would unnecessarily invite potential prejudicial and reversible error).

**V. Conclusion**

For the foregoing reasons, the Court grants the Motion to Stay by Highland Hospital, Strong Memorial Hospital, and the University of Rochester. Accordingly, this action is stayed pending the resolution of the appeal in *Spiro, et al. v. HealthPort Techs., LLC, et al.*, 18-1034 (2d Cir. Apr. 11, 2018).

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: September 6, 2018
Rochester, New York