UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANN McCRACKEN, JOAN FARRELL,
SARAH STILSON, KEVIN McCLOSKEY,                    DECISION & ORDER
CHRISTOPHER TRAPATSOS, and                         14-CV-6248 FPG/MJP
KIMBERLY BAILEY, as individuals
and as representatives of the classes,

                        Plaintiffs,

              v.

VERISMA SYSTEMS, INC.,
UNIVERSITY OF ROCHESTER,
STRONG MEMORIAL HOSPITAL, and
HIGHLAND HOSPITAL,

                        Defendants.

_____

## **Preliminary Statement**

Plaintiffs Ann McCracken, Joan Farrell, Sarah Stilson, Kevin McCloskey,

Christopher Trapatsos, and Kimberly Bailey, as individuals and as representatives

of the classes[1] ("Plaintiffs"), commenced this putative class action against Verisma

Systems, Inc., ("Verisma") University of Rochester, Strong Memorial Hospital, and

Highland Hospital ("Hospital Defendants") (collectively "Defendants") alleging

that Defendants systematically violated New York law by manipulating charges

for medical records and by charging artificially inflated amounts to Plaintiffs and

---

[1] On July 7, 2017, the Honorable Michael A. Telesca certified a class action under Federal Rule of Civil Procedure 23(b)(3) and also certified two provider-level sub-classes – individuals who requested records through Strong Memorial Hospital and individuals who requested records through Highland Hospital after May 14, 2011. (Decision and Order ("D&O") at 20, Jul. 27, 2017, ECF No. 102.)

other class members. (Second Amended Class Action Complaint ("Compl.") at 2, ECF No. 40.)

Verisma moves pursuant to Local Rule 7(b)(2)(B) of the Western District of New York to stay the proceedings in this matter pending the Second Circuit's review of the decision of the District Court for the Southern District of New York ("S.D.N.Y.") in *Ortiz v. CIOX Health LLC,* 386 F. Supp. 3d 308 (S.D.N.Y May 7, 2019)[2], a case involving the issue of whether New York State's Public Health Law ("PHL") § 18 provides a private right of action. (Verisma's Notice of Mot., ECF No. 169; Verisma's Mem. of Law at 1–2, ECF No. 169-1; s*ee also Ortiz v. IOD, Inc.*, 17-CV-4039, S.D.N.Y. (May 30, 2017), *Ortiz v. IOD, Inc.*, No. 19-1649 (2d Cir. Jun. 3, 2019) (collectively "*Ortiz*").) Defendants University of Rochester, Strong Memorial Hospital, and Highland Hospital ("Hospital Defendants") sought and were granted permission to join in Verisma's motion to stay. (Text Order Granting Mot. to Join, ECF No. 173.) After several briefs and a letter submitted by the parties in connection with this motion regarding the *Ortiz* matter, the Second Circuit certified a question in *Ortiz* to the New York State Court of Appeals regarding whether a private right of action exists under PHL § 18. (Certified Order, ECF No. 105, *Ortiz*, No. 19-1649 (2d Cir. Jun. 5, 2020).)

While Defendants' motion papers sought to stay this matter pending the Second Circuit's decision in *Ortiz,* after the completion of briefing on this motion

---

[2] IOD, Inc., is the successor to Healthport Technologies, LLC and CIOX Health, LC.

the Hospital Defendants sought leave to file supplemental papers in which they intended to argue why a stay is also warranted based upon new procedural developments in *Spiro v. Healthport, LLC*, No. 14-CV-2921 (S.D.N.Y., Apr. 30, 2017) and *Spiro v. Healthport Technologies, LLC*, No. 20-2627 (2d Cir. Aug. 3, 2020), collectively referred to as "*Ruzhinskaya*.."[3] (Letter from Amanda B. Burns, Esq., to the Court (Jul. 9, 2020), ECF No. 191.) Verisma soon joined in that request. (Letter from Christopher J. Belter, Esq., to the Court (Jul. 10, 2020), ECF No. 193.) The Court held oral argument on Defendants' request for a stay based upon the *Ruzhinskaya* developments rather than permitting additional briefing. Based upon the oral argument and a review of all documents submitted in connection with this matter, the Court grants Defendants' motions to stay this action until March 31, 2021, as discussed below.

## **Background**

Plaintiffs alleged that Defendants "systematically violated New York law by manipulating charges for medical records, and by charging artificially inflated amounts to Plaintiffs and other Class members," which "inflated amounts exceed[ed] the actual cost of producing some records and include[d] built-in kickbacks" from Verisma to the Hospital Defendants. (Compl. at 2.) Plaintiffs are patients who requested their medical records from Defendants. Plaintiffs asserted the following claims: (1) violation of PHL § 18; (2) unjust enrichment (separately

---

[3] The docketed name of the case is *Spiro v. Healthport Technologies, LLC*. However, the Court will refer to the case as *Ruzhinskaya* as that is the name of the plaintiff who filed the appeal. (Notice of App., ECF No. 409, *Spiro v. Healthport Technologies, LLC,* No. 14-CV-2921 (S.D.N.Y. Jul. 31, 2020).)

3

against Verisma and the Hospital Defendants); and (3) violation of New York General Business Law ("GBL") § 349 *et seq.* (collectively against all Defendants). (*Id.*) The District Court granted class certification on all three of these claims. (D&O on Pls.' Mot. to Certify Class at 20, ECF No. 102; *see also* D&O amending ECF No. 102 to appoint counsel, ECF No. 103.)

PHL § 18 regulates the amount a health care provider can charge for copies of a patient's medical information. PHL § 18(2)(e). Plaintiffs assert that Verisma, a third-party vendor that manages health care providers' medical records, responds to requests for such records, and produces the records, contracted with the Hospital Defendants to provide such services. (Compl. at 5.) Plaintiffs further assert that to obtain these contracts Verisma offered "improper kickbacks" to the Hospital Defendants with respect to the "revenues associated with charges for medical records" and by providing free "courtesy copies" to the providers. (*Id.* 5–6; Pls.' Mem. of Law at 2–3, ECF No. 172.) Plaintiffs contend that the amounts they were overcharged for their medical records violate PHL § 18, GBL § 349, and unjustly enriched Defendants. (Compl. at 2.)

## Procedural History

The procedural history of this motion is somewhat complicated as it necessarily involves two other cases originating in the S.D.N.Y. – *Ortiz* and *Ruzhinskaya*. Notably, on September 6, 2018, this Court stayed the present action pending the resolution of an appeal before the Second Circuit in *Ruzhinskaya*. (Sept. 6, 2018 D&O, ECF No. 151.) Judge Telesca found that a stay was warranted

because the appellants in *Ruzhinskaya* requested that the Second Circuit certify two questions to the New York State Court of Appeals that could provide clarification regarding Plaintiffs' PHL § 18 claim. (*Id.* at 9–10.) That stay was lifted on November 21, 2019. (Letter Order Lifting Stay, ECF No. 153.)

The parties have submitted numerous briefs and letters in connection with the motions to stay. A brief summary of the cumbersome history of the pending motions is as follows:

- On May 5, 2020, Verisma filed a motion to stay pending the Second Circuit's decision in *Ortiz*. (ECF No. 169.);

- On May 18, 2020, the Hospital Defendants moved to join Verisma's motion to stay. (ECF No. 171.);

- Plaintiffs filed their opposition to Verisma's motion to stay on May 19, 2020. (ECF No. 172.);

- The Court granted the Hospital Defendants' motion to join Verisma's motion to stay on May 20, 2020. (ECF No.173.) In addition, the Court set a deadline for Plaintiffs to respond to Defendants' motion to join Verisma's motion to stay. (*Id.*);

- Verisma filed its reply to Plaintiffs' response to its motion to stay on May 26, 2020. (ECF No. 175.);

- On May 27, 2020, Plaintiffs filed their opposition to the Hospital Defendants' motion to join Verisma's motion to stay. (ECF No. 176.);

- On June 3, 2020, the Hospital Defendants made a motion for leave to file a reply to Plaintiffs' opposition (ECF No. 179), which the Court granted. (ECF No. 181.);

- In correspondence dated June 8, 2020 (electronically filed on June 9, 2020), Plaintiffs' counsel informed the Court that on June 5, 2020, the Second Circuit issued an order reserving decision in *Ortiz* and certifying the question of whether a private right of action exists under PHL § 18 to the New York State Court of Appeals. (Letter from Kathryn Lee Bruns, Esq., to the Court (Jun. 8, 2020), ECF No. 180.) Plaintiffs also requested permission

to supplement their briefing due to the new procedural posture of *Ortiz*. In addition, Plaintiffs requested permission to file a sur-reply to the Hospital Defendants' reply. (*Id.*);

- The Court received correspondence from Verisma, dated June 9, 2020, informing the Court of the Second Circuit's certification and attaching the Second Circuit's decision regarding the same. Verisma's correspondence also contained substantive legal arguments.[4] (Letter from Christopher J. Belter, Esq., to the Court (Jun. 9, 2020) at 2, ECF No.);

- Also on June 9, 2020, the Hospital Defendants filed their reply to Plaintiffs' opposition to the motion to join Verisma's motion to stay. (ECF No. 183.);

- Shortly after filing its reply on June 9, 2020, the Hospital Defendants also filed a notice of supplemental authority, which informed the Court of the Second Circuit's certification of the PHL issue in *Ortiz* to the New York State Court of Appeals, and which also contained substantive legal arguments. (ECF No. 184.);

- On June 16, 2020, Plaintiffs filed a sur-reply in further opposition of the Hospital Defendants' motion to stay. (ECF No. 187.);

- In correspondence dated July 9, 2020, the Hospital Defendants informed the Court that, on remand, the S.D.N.Y. granted summary judgement to the hospital defendant in *Ruzhinskaya*, holding that there was no private right of action under PHL § 18, and that the hospital defendant did not violate that statute. (Letter from Amanda B. Burns, Esq., to the Court (Jul. 9, 2020), ECF No. 191.) In addition, the District Court upheld its previous finding on summary judgment in favor of the hospital's release-of-information vendor ("ROI") with respect to the plaintiff's claims under § 18(2)(e), unjust enrichment, and New York GBL § 349. (*Id.* at 1 & Ex. A at 3–4.) The Hospital Defendants argued that the *Ruzhinskaya* case is "on all fours" with the present case. (Letter from Amanda B. Burns, Esq., to the Court (Jul. 9, 2020) at 1, ECF No. 191.)

- Plaintiffs responded to the Hospital Defendants' correspondence on July 9, 2020, arguing that the present case differs from *Ruzhinskaya* because

---

[4] While it is not this Court's practice to consider legal arguments asserted outside of a party's formal motion papers, given the peculiar and complex procedural posture of this case, the Court has considered arguments asserted in correspondence submitted by the parties. However, the Court cautions that in the future it may choose, at its discretion, not to consider arguments not contained in the parties' motion papers.

Plaintiffs have asserted a claim involving a kickback scheme. (Letter from Kathryn Lee Bruns, Esq., to the Court (Jul. 9, 2020), ECF No. 192.)

- Defendant Verisma filed a letter on July 10, 2020, in which it agreed with the Hospital Defendants that a stay is warranted in this case because *Ruzhinskaya* "addresses key issues regarding the interpretation and application of PHL § 18." (Letter from Christopher J. Belter, Esq., (Jul. 10, 2020), ECF No. 193.)

- The Court held oral argument on the motions to stay on July 23, 2020, during which counsel for all parties was present and interposed arguments.

- On August 3, 2020, the Hospital Defendants informed the Court that, after the S.D.N.Y. granted summary judgment to the hospital defendant and ROI provider in *Ruzhinskaya*, the plaintiffs in that case appealed the final judgment to the Second Circuit. (Letter from Amanda B. Burns, Esq., to the Court (Aug. 3, 2020), ECF No. 196.)

- In correspondence dated October 26, 2020, the Hospital Defendants wrote to inform the Court of recent developments in *Ruzhinskaya v. HealthPort Technologies, LLC*, No. 20-2627 (2d Cir. 2020), including the plaintiff's motion to certify three questions to the New York State Court of Appeals in that case, the defendants' opposition to that motion and cross-motion for a stay, and the plaintiff's non-opposition to the stay. (Letter from Amanda B. Burns, Esq., to the Court (Oct. 26, 2020), ECF No. 206.);

- Finally, Plaintiffs responded to the Hospital Defendants on October 26, 2020, reiterating that neither *Ortiz* nor *Ruzhinskaya* would be completely dispositive of the present case and that the prejudice caused by the delay of awaiting a resolution of those cases "would be difficult to overstate." (Letter from Kathryn Lee Bruns, Esq., to the Court (Oct. 26, 2020) at 1, ECF No. 207.)

## **Discussion**

"It is well settled that district courts have the inherent power, in the exercise of discretion, to issue a stay when the interests of justice require such action." *Travelers Cas. & Sur. Co. of Am. v. DiPizio Const. Co.*, 103 F. Supp. 3d 366, 369–70 (W.D.N.Y. 2015) (citation omitted); *see Landis v. North Am. Co.*, 299 U.S. 248,

254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants.").

***A stay is warranted because the resolution of issues in Ortiz and/or Ruzhinskaya could provide clarification on key issues in this case and simplify other issues.***

### *Ortiz v. CIOX Health, LLC*

On June 5, 2020, the Second Circuit certified the following question to the New York State Court of Appeals: Does Section 18(2)(e) of the New York Public Health Law provide a private right of action for damages when a medical provider violates the provision limiting the reasonable charge for paper copies of medical records to $0.75 per page? (Certified Order at 11–12, ECF No. 105, *Ortiz*, No. 19-1649 (2d Cir. Jun. 5, 2020).)

Verisma argued that the Second Circuit (in conjunction with the New York Court of Appeals), will ultimately resolve the present dispute, stating that "[r]egardless of whether the certified question does not dispose of all [of Plaintiffs'] claims, the Second Circuit's decision specifically states that it will address any remaining issues after the certified question is answered." (Letter from Christopher J. Belter, Esq., (Jun. 9, 2020) at 1–2, ECF No. 182.) The Hospital Defendants assert that the Court of Appeals' decision on the certified question will be fatal to all of Plaintiffs' claims. (Notice of Supp. Auth. at 2, ECF No. 184.)

### *Ruzhinskaya v. Healthport Technologies, LLC*

On March 14, 2018, the S.D.N.Y. granted summary judgment in favor of Healthport Technologies, LLC ("Healthport"), an ROI, on plaintiff Ruzhinskaya's claims for violations of PHL § 18, GBL § 349, and unjust enrichment. (Opinion & Order, ECF No. 358, *Ruzhinskaya*, No. 14-CV-2921 (S.D.N.Y. Mar. 14, 2018).) Ruzhinskaya appealed to the Second Circuit on April 11, 2018. (Notice of App., ECF No. 360, *Ruzhinskaya*, No. 14-CV-2921 (S.D.N.Y. Apr. 11, 2018).) Ultimately, the Second Circuit remanded the case back to the district court to add Beth Israel Medical Center ("Beth Israel"), a hospital, as a defendant because it was an indispensable party and to "adjudicate the case to a final judgment." (USCA Opinion at 2, ECF No. 362, *Ruzhinskaya*, No. 14-CV-2921 (S.D.N.Y. Nov. 1, 2019).) On July 7, 2020, Beth Israel moved for summary judgment and the district court granted the motion, reinstating its previous grant of summary judgment to Healthport. (Opinion & Order at 10, ECF No. 407, *Ruzhinskaya*, No. 14-CV-2921 (S.D.N.Y. Jul. 7, 2020).) Ruzhinskaya filed an appeal to the Second Circuit on July 31, 2020. (Notice of App., ECF No. 409, *Ruzhinskaya*, No. 14-CV-2921 (S.D.N.Y. Jul. 31, 2020).) On October 8, 2020, Ruzhinskaya moved to have the three questions certified to the New York State Court of Appeals. (Mot. to Certify Questions at 6, 10, ECF No. 24-2, *Ruzhinskaya*, No. 20-2627 (2d Cir. Oct. 8, 2020).)

On October 19, 2020, Appellee-Defendant Beth Israel filed an opposition to the motion to certify the three foregoing questions, and also filed a motion to stay the appeal pending the determination of the certified question presented to the

New York State Court of Appeals by the Second Circuit in *Ortiz*. (Opposition to Mot., ECF. No. 28, *Ruzhinskaya*, No. 20-2627 (2d Cir. Oct. 19, 2020); Mot. to hold appeal in abeyance at 1, ECF. No. 30-1, *Ruzhinskaya*, No. 20-2627 (2d Cir. Oct. 19, 2020).) Plaintiff did not oppose Defendants' motion to stay, acknowledging that the New York State Court of Appeals' decision in *Ortiz* on the certified question "could be dispositive" in that case. (Non-Opp'n to Mot. at 2, ECF No. 37, *Ruzhinskaya*, No. 20-2627 (2d Cir. Oct. 21, 2020).)

### *Defendants have established their burden of the need for a stay.*

"The person seeking a stay bears the burden of establishing its need. Absent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (internal quotation and editorial marks and citations omitted). In making the decision to grant or deny a motion to stay, courts consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Travelers Cas. & Sur. Co. of Am.*, 103 F. Supp. 2d at 370 (citations omitted).  Finally, where the possibility looms that the stay will damage the interests of others, "the movant must make out a clear case of

hardship or inequity in being required to go forward." *LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (internal quotation omitted).

With respect to the first factor — the private interests of Plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to Plaintiffs if delayed — the Court finds that this factor weighs in favor of staying this action. Plaintiffs assert that they will be prejudiced by the delay caused by awaiting a decision in *Ortiz*, particularly because the Second Circuit has certified a question to the New York State Court of Appeals. (Pls.' Mem. of Law at 16; Pls.' Sur-Reply Mem. of Law at 6, ECF No. 187.) Of course, some prejudice to Plaintiffs is inherent in any delay, but delay alone is insufficient to prevent a stay. *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 88 (W.D.N.Y. 2011) (citing *Bausch & Lomb Inc. v. Alcon Labs., Inc.,* 914 F. Supp. 951, 953 (W.D.N.Y. 1996) (proceeding with the litigation could waste "time, resources, and significant efforts," whereas a stay causes only minimal prejudice and "promote[s] judicial economy")). However, acknowledging that that delay alone is not sufficient to establish prejudice, Plaintiffs have asserted several other grounds in support of their claim that they will suffer prejudice if a stay is granted.

Plaintiffs argue that neither *Ortiz* nor *Ruzhinskaya* will be dispositive of Plaintiffs' entire case as they have asserted independent claims for a violation of GBL § 349 and unjust enrichment premised upon their allegation of unlawful kickbacks. (Pls.' Mem. of Law at 3, 12–13; Letter from Kathryn Lee Bruns, Esq., to the Court (Jul. 9, 2020), ECF No. 192.) They assert that this case is now over six

years old, has been through numerous iterations of dispositive motions made by Defendants (which were all, for the most part, denied) and a previous stay of fourteen months that did not result in any change in the law. (Pls.' Mem. of Law at 1, 16–17.) In addition, Plaintiffs contend that their damages continue to grow as time progresses. (*Id.* at 19.) Plaintiffs further assert that they will suffer prejudice if the stay is granted because they will be required to incur expenses to update their expert report for the third time. (*Id.* at 9  n. 8, 18, 19; Pls.' Sur-Reply Mem. of Law at 6.) Finally, Plaintiffs assert that fact and expert discovery is closed, the case is close to trial, and staying the case yet again at this procedural juncture is prejudicial. (*Id.* at 15; Am. Scheduling Order at 2, ECF No. 170; Parties' joint req. for extension of dispositive mot. deadline, "So Ordered," ECF No. 205.)

Defendants also correctly state the law that prejudice based on the grounds that the case will be further delayed is not sufficient to stay an action. (Verisma's Mem. of Law at 7, ECF No. 169-1; Verisma's Resp. Mem. of Law at 1, 6, ECF No. 175; Hosp. Defs.' Reply Mem. of Law at 6, ECF No. 183.) In addition, both Verisma and the Hospital Defendants assert that since the plaintiffs in the case of *Carter v. CIOX Health, LLC*, No. 14-CV-6275 (FPG)(MWP) (W.D.N.Y. May 20, 2014) consented to a stay, a stay is warranted here because Plaintiffs have essentially admitted in *Carter* that there would be no prejudice suffered due to a stay. (Verisma's Mem. of Law at 8; Hospital Defs.' Mem. of Law at 1, ECF No. 171-3.) Defendants claim this is the case because *Carter* involves very similar claims to the case at bar and has the same counsel representing Plaintiffs.

The Court finds that Plaintiffs have sufficiently alleged prejudice such that this factor weighs against a stay. However this prejudice is lessened by a review of the Second Circuit's docket in *Ortiz*, which reveals that all briefs should now be submitted to the New York State Court of Appeals and oral argument should be forthcoming. (Letter from N.Y.S. Ct. of App. to counselors at 2 (Jun. 23, 2020), ECF No. 109, *Ortiz*, No. 19-1649 (2d Cir. Jun. 25, 2020).) The Court of Appeals' decision will likely resolve the issue of whether there exists a private right of action under PHL § 18, which will have a significant impact on this case.

Moreover, the parties in *Ruzhinskaya* have recently consented to staying that action based upon the outcome in *Ortiz*, with the plaintiffs in that case acknowledging that the resolution of whether or not there exists a private right of action under PHL § 18 could be dispositive in that case. (Non-Opp'n to Mot. at 2, ECF No. 37, *Ruzhinskaya*, No. 20-2627 (2d Cir. Oct. 21, 2020).)[5]

---

[5] Plaintiff in *Ruzhinskaya* asserted claims for violations of PHL § 18 and GBL § 349, as well as an unjust enrichment claim. However, it appears from a review of the proceedings that the S.D.N.Y. believes that these claims are intertwined, with the main claim being the violation of the PHL. Pursuant to a motion for summary judgment made by Healthport, the ROI, the court found that an ROI is not subject to PHL § 18, and that it did not take on the duty to limit is charges to requesters to its own "costs incurred." (Op. & Order at 26, ECF No. 358, *Ruzhinskaya*, No. 14-CV-2921 (S.D.N.Y. Mar. 14, 2018).) The court also found that the plaintiffs could not sustain a claim for a violation of GBL § 349 because the court already determined that Healthport was allowed to charge more than its cost and it was, therefore, not unlawful under PHL § 18. (*Id.* at 30.) Finally, the court granted judgment in favor of Healthport on plaintiff's unjust enrichment claim, explaining that since Healthport was not limited regarding what it could charge under PHL § 18, it had not engaged in any "unjust" practice in turning a profit for charging records requesters more than its own costs. *Id.* at 29. However, plaintiff then appealed the case to the Second Circuit, which ultimately remanded the case to the S.D.N.Y. to add the hospital defendant, Beth Israel, and to bring the case to a final resolution. Beth Israel then moved for summary judgment and the S.D.N.Y. reinstated all of its findings with respect to Healthport and granted judgment in Beth Israel's favor. With respect to Beth Israel, the court found that PHL § 18 does not provide a private right of action, that Healthport's 75 ¢ per page charge imposed on requesters should be treated as a "cost incurred"

With respect to the stay in *Carter*, Plaintiffs have convinced this Court that there are procedural differences and strategic reasons present in that case that justified staying that matter, but that do not apply to the present case. Plaintiffs consented to the stay in *Carter* because the parties had been engaging in settlement discussions. (Dec. at 1–2, ECF No. 172-1; Pls.' Resp. at 6, ECF No. 176.) Further, and importantly, the *Carter* case is still in the discovery phase, the class has not been certified, and no dispositive motions have been made, unlike the present case where the class has been certified, Defendants have made several dispositive motions, and Plaintiffs have twice provided their expert disclosure to Defendants. (*Id.*; Pls.' Resp. at 6–7, ECF No. 176.) Finally, Plaintiffs assert that they would incur even further costs to provide an updated expert report if this matter was stayed, which is not a concern in the *Carter* case. (Pls.' Resp. at 7.) In sum, the Court finds that the plaintiffs' consent to a stay in *Carter* was not an admission that Plaintiffs would not suffer prejudice in this case if stayed. Indeed, it could not given that the cases were commenced by two separate sets of plaintiffs who have decision-making authority regarding how they wish to proceed regardless of what their counsel may recommend.

With respect to the second factor — the private interests of and burden on Defendants — the Court finds that this factor weighs in favor of staying this action. Verisma claims that it will suffer prejudice if a stay is not granted because it will

---

to Beth Israel, and that the plaintiff's GBL § 349 claim was duplicative of plaintiff's PHL claim. (Op. & Order, ECF No. 407, *Ruzhinskaya*, No. 14-CV-2921 (S.D.N.Y. Jul. 7, 2020).)

necessarily incur costs in litigating or relitigating the PHL § 18 claim that could end up being dismissed. (Verisma's Mem. of Law at 8–9; Verisma's Resp. Mem. of Law at 7.) Likewise, the Hospital Defendants assert that they will suffer "considerable prejudice" if the stay is not granted in the form of incurring substantial costs to continue to litigate the case when they believe the *Ortiz* and/or *Ruzhinskaya* cases will resolve this matter in its entirety. (Hosp. Defs.' Mem. of Law at 3; Hosp. Defs.' Reply Mem. of Law at 4–5.) The Hospital Defendants also assert that a stay to avoid what they term "needless expenditures" in connection with this case is particularly appropriate in light of the COVID-19 pandemic, which has created financial hardship for them. (Hosp. Defs.' Reply Mem. of Law at 4.)

In response, Plaintiffs assert that Defendants will not suffer prejudice if the stay is not granted because Plaintiffs' claims under GBL § 349 and for unjust enrichment will survive even if their PHL claim is rendered moot. For this reason, Plaintiffs contend that Defendants would still be required to incur litigation expenses for expert discovery, dispositive motions and a potential trial. (Pls.' Mem. of Law at 17; Pls.' Resp. Mem. of Law at 3; Pls.' Sur-Reply Mem. of Law at 6.)

The Courts finds that Defendants have established that a stay will be burdensome and/or against their interests. At this point, the parties have essentially completed discovery, including expert depositions, and have agreed on a dispositive motion deadline in mid-December 2020. (Parties' joint req. for extension of non-dispositive mot. deadline, "So Ordered," ECF No. 203.) Should

Defendants choose to move for summary judgment seeking full resolution of this matter, they will necessarily have to move on Plaintiffs' PHL § 18 claim in addition to Plaintiffs' claims for a violation of GBL § 349 and unjust enrichment if the Court of Appeals has not yet issued a decision in *Ortiz*. In other words, Defendants will endure the financial burden of seeking summary judgment for a claim that could end up being moot. In addition, this Court echoes the concerns of Judge Telesca when granting the initial stay in this case of the possibility that the parties could spend significant resources on trial preparation since this Court has already held that PHL § 18(2)(e) applies to Verisma. (Sept. 6, 2018 D&O at 9, ECF No. 151.) Accordingly, the second factor weighs in favor of staying the action.

With respect to the interest of the courts, the third factor to be considered, Verisma argues that staying this matter pending a resolution of the PHL § 18 certified question in *Ortiz* will conserve judicial resources and avoid conflicting decisions between different courts. (Verisma's Mem. of Law at 9.) The Hospital Defendants assert that a stay is warranted since judicial resources are being utilized in *Oritz* to determine the same legal question at issue here. (Hosp. Defs.' Mem. of Law at 3.) They argue that a stay would preserve those resources, especially given the Hospital Defendant's position that a determination on the PHL claim in *Ortiz* "may be dispositive of this matter." (*Id.*; Hosp. Defs.' Reply Mem. of Law at 3.) The Hospital Defendants further assert that since *Ruzhinskaya* is "on all fours" with the present case, the Second Circuit will provide "critical clarification for key issues regarding the law" on the three causes of action asserted

by Plaintiffs. (Letter from Amanda B. Burns, Esq., (Jul. 9, 2020) at 1–2, ECF No. 191.) Verisma's correspondence submitted after briefing on the motion to stay based on *Ortiz* concluded also asserted that this matter should be stayed pending the appeal in *Ruzhinskaya*, but only on the grounds that *Ruzhinskaya* could provide this Court with guidance regarding the PHL § 18 claim. (Letter from Christopher J. Belter, Esq. (Jul. 10, 2020), ECF No. 193.)

Plaintiffs counter with the argument that judicial resources will not be conserved by a stay, but will just be paused until any stay is decided since their claims under GBL § 349 and for unjust enrichment will remain regardless of the decision in *Ortiz*. (Pls.' Mem. of Law at 18; Pls.' Resp. Mem. of Law at 4.) In addition, Plaintiffs argue that *Ruzhinskaya* is not "on all fours" with the present case because Plaintiffs have asserted that the Hospital Defendants received sizeable kickbacks from Verisma. (Letter from Kathryn Lee Bruns, Esq., to the Court (Jul. 9, 2020) at 1, ECF No. 192.)

The Court agrees with Defendants that this factor weighs in favor of a stay because the Court of Appeals' decision on the certified question in *Ortiz* could be dispositive, at the very least, of one claim in this case. It would be a waste of judicial resources for this Court to decide an issue that could soon be rendered moot or, more troublesome, require the Court to reverse its decision if contrary to one rendered in *Ortiz*. The Court finds that waiting for guidance from the Court of Appeals (and the Second Circuit) regarding the application of PHL § 18 will simplify the questions in this action, such that a stay is warranted. *Estate of Heiser*

*v. Deutsche Bank Trust Co. Americas,* No. 11-CV-1608 (AJN)(MHD), 2012 WL 2865485 at *5 (S.D.N.Y. Jul. 10, 2012)), *aff'd* 2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012) ("In recognition of the fact that the Second Circuit will likely be ruling on legal issues potentially dispositive in this case, it is in the best interest of this court to await the decision in the consolidated . . . appeals. Failure to do so could well lead to unnecessary litigation that is time-consuming for this court, as well as for any third parties that might be joined in this turnover proceeding."); *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304–05 (S.D.N.Y. 2009) (granting a stay of the action pending the outcome of an 11th Circuit case, "finding that while a decision will not necessarily be binding on this Court, resolution of [another case may] guide this Court in ruling on . . . the key issues in this litigation.") (internal quotations and citations omitted); *In re Literary Works in Elec. Databases Copyright Litig.,* No. 00-CV-6049(GBD), 2001 WL 204212, at *3 (S.D.N.Y. Mar. 1, 2001) (granting motion to stay because although "[a] decision in the [case] before the United States Supreme Court may not settle every question of fact and law before this Court . . . in all likelihood it will settle many and simplify them all.") (internal quotations and citations omitted). Based upon the above, the third factor weighs in favor of a stay.

The fourth factor the Court must consider — the interests of persons not parties to the civil litigation — also weighs in favor of a stay. Verisma asserts that a stay will provide guidance to non-parties because third-parties also have an interest in "avoiding needless expenditures and promoting judicial economy."

(Verisma's Mem. of Law at 10.) Verisma also contends that the stay could prevent proceeding with class notice, which would require a third-party vendor to mail class notices that identify patients and their last known address. (*Id.*) Verisma argues that this will result in the disclosure of confidential information that could be avoided if the stay is granted and ultimately *Ortiz* is decided in its favor. (*Id.* at 10–11.)

The Hospital Defendants make the same argument for this factor as they made for the third factor, namely that a stay would preserve judicial resources since another court is considering the PHL claim and that this is in the best interests of non-parties. (Hosp. Defs.' Mem. of Law at 3.) In particular, the Hospital Defendants assert that a "speedy" resolution of this case is not in the public's best interest because it is subject to change pending the outcome in *Ortiz*. (Hosp. Defs.' Reply Mem. of Law at 5.)

Plaintiffs, in turn, argue that a stay will prejudice thousands of non-parties, inclusive of class members, with an interest in a quick resolution of the case. (Pls.' Mem. of Law at 20; Pls.' Resp. Mem. of Law at 4.) Further, Plaintiffs assert that a stay would permit Verisma to continue its alleged practice of overcharging for medical records. (Pls.' Resp. Mem. of Law at 4.) Finally, Plaintiffs contend that Verisma's concern regarding the disclosure of confidential information is a "red herring" because the Court has already granted Plaintiffs' motion to send class notice, to which class members are constitutionally entitled. (Pls.' Mem. of Law at 20–21.)

The Court agrees with Judge Telesca's similar findings on the Hospital Defendants' prior motion to stay this matter pending a decision in *Ruzhinskaya*, wherein he stated that "the interests of any possible nonparties to the litigation would be better served by awaiting a decision in *Ruzhinskaya*, which will provide invaluable guidance to the Court on key trial issues in this case." (Sept. 6, 2018 D&O at 12, ECF No. 151.) The same logic applies here.

Finally, public interest, the fifth factor the Court must consider when determining whether a stay is warranted, weighs in favor of a stay. In support of this factor, Verisma asserts that a stay will benefit the public's interest because a resolution of whether there is a private right of action under PHL § 18 will permit the public to better understand claims asserted under that statute. (Verisma's Mem. of Law at 11 .) In addition, Verisma repeats is argument that permitting this case to go forward could result in incongruous decisions between the courts and waste judicial resources. (*Id.*) The Hospital Defendants again argue that a stay would preserve judicial resources since another court is considering the PHL claim and that this is in the best interests of the public. (Hosp. Defs.' Mem. of Law at 3; Hosp. Defs.' Reply Mem. of Law at 5.)

Plaintiffs contend that the public has an interest in the expeditious resolution of matters and that, even if a stay is granted, the public will continue to be injured by Verisma's practice of overcharging patients for medical records. (Pls.' Mem. of Law at 21.)

The Court finds that this factor weighs in favor of a stay. Indeed, "[b]y conserving judicial resources, a stay will serve not only the interest of the courts, but also the interests of the Parties, the nonparties, and the public in an orderly and efficient use of judicial resources." *Richard K. v. United BeHavioral Health*, No. 18-CV-6318(GHW)(BCM), 2019 WL 3083019, at *9 (S.D.N.Y. Jun. 28, 2019), *report and recommendation adopted*, 2019 WL 3080849 (S.D.N.Y. Jul. 15, 2019) (internal quotations and citations omitted).

On balance, the factors considered by the Court weigh in favor of staying this action. However, the Court is cognizant that the stay depends on several different factors, including the outcome in *Ortiz* and then, potentially, the resolution in *Ruzhinskaya*, which could result in a lengthy stay. Accordingly, to avoid an indefinite stay, the Court implements a stay until March 31, 2021, at which time the Court can reevaluate the necessity and propriety of the stay.

## Conclusion

Based upon the forgoing, Defendants' motions to stay this action (ECF No. 169; ECF No. 171) are **GRANTED** to the extent that this case is stayed until March 31, 2020.

MARK W. PEDERSEN
United States Magistrate Judge

Dated:     October 27, 2020
           Rochester, New York