UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANN McCRACKEN, *et al.*,

                Plaintiffs,

      v.                                    Case # 6:14-CV-6248-FPG-MJP

                                                      DECISION AND ORDER

VERISMA SYSTEMS, INC., *et al.*,

                Defendants.
_____

**INTRODCUTION**

Ann McCracken, Joan Farrell, Sara Stilson, Kevin McCloskey, Christopher Trapatsos, Kimberly Bailey, and the class they represent (collectively, "Plaintiffs") assert claims against University of Rochester, Strong Memorial Hospital, Highland Hospital (collectively, "University Defendants") and Verisma Systems, Inc. ("Verisma") (together with University Defendants, "Defendants") under New York Public Health Law ("PHL") § 18, New York General Business Law ("GBL") § 349, and New York common law. *See* ECF No. 40 (Second Amended Complaint); ECF No. 103 (granting motion to certify class). Presently before the Court are: (1) Verisma's motion for judgment on the pleadings, ECF No. 221; (2) University Defendants' motion for judgment on the pleadings, ECF No. 222; (3) Plaintiffs' cross motion for partial summary judgment, ECF No. 229; (4) Verisma's cross motion for summary judgment, ECF No. 242; and (5) University Defendants' cross motion for summary judgment, ECF No. 243. For the following reasons, Defendants' motions for judgment on the pleadings are GRANTED, and the remaining motions are DENIED AS MOOT.

1

## PROCEDURAL HISTORY

This action commenced on May 14, 2014. ECF No. 1. After numerous extensions of time for Defendants to respond to the amended complaint,[1] ECF No. 11, 13, 17, 18, Defendants moved to dismiss, ECF No. 21, 22. The Court granted University Defendants' motion, in part, because the amended complaint failed to allege an injury-in-fact. ECF No. 35 at 10. Insofar as Defendants had argued that the amended complaint failed to state a claim, the Court deferred its ruling until Plaintiffs filed a second amended complaint. *Id.* at 13. Plaintiffs filed their Second Amended Complaint on June 15, 2015, ECF No. 40, and on September 16, 2015, the Court issued its deferred ruling denying Defendants' motions to dismiss for failure to state a claim, ECF No. 45. On September 21, 2015, Defendants filed their respective answers, and University Defendants filed a cross claim against Verisma. ECF No. 46, 47. Verisma filed an answer to the cross claim on October 13, 2015. ECF No. 50.

After the issuance of several scheduling and case management orders, ECF No. 54, 62, 69, Plaintiffs sought class certification on October 31, 2016, ECF No. 71. In opposing that motion, Verisma sought partial summary judgment. ECF No. 84. On May 15, 2017, the Court denied Verisma's motion for summary judgment, ECF No. 100, and on July 27, 2017, granted the motion to certify the class, ECF No. 102, 103. After motion practice and additional discovery plans and case management orders were filed, University Defendants moved to stay the proceedings on May 30, 2018, which the Court granted on September 6, 2018, ECF No. 151, pending resolution of *Spiro v. HealthPort Techs., LLC*, No. 18-1034 (2d Cir. Apr. 11, 2018).[2] On November 21, 2019, the stay was lifted, ECF No. 153, but in May 2020, Defendants filed a new motion to stay the

---

[1] Plaintiffs filed their first amended complaint just five days after initiating this action in order to correct the name of one of the Defendants. *See* ECF No. 4.

[2] This suit is also referred to by the parties as *Ruzhinskaya v. HealthPort Techs. LLC*, No. 14 Civ. 2921 (S.D.N.Y).

proceedings, ECF No. 169 (filed by Verisma); ECF No. 171 (University Defendants joining), which the Court granted, ECF No. 208, and then extended in anticipation of the New York State Court of Appeals' decision in *Ortiz v. CIOX Health, LLC*, 35 N.Y.3d 1001 (2d Cir. 2020) (accepting certified question), ECF No. 210.

After *Ortiz* was decided, the parties entered into a stipulation in which they agreed that there is no private right of action under PHL § 18. ECF No. 218, ¶ 2. Moreover, the parties stipulated that "Plaintiffs' individual and the certified Rule 23 class claims asserting violations of [PHL §] 18 must be dismissed." *Id.* However, despite this mutual understanding as to the nonviability of these claims, the parties agreed that "they cannot simply stipulate to a dismissal of the [PHL §] 18 claims because there is a certified Rule 23 class and, as such, the claims' dismissal requires Court approval and potential notice to the class." *Id.*, ¶ 3. Accordingly, the parties "agree[d] to defer the dismissal of plaintiffs' individual and class [PHL §] 18 claim[s] until the parties have addressed the viability of plaintiffs' remaining claims as matter [sic] of law . . . , unless the parties jointly agree to move for [their] dismissal at an earlier time." *Id.* ¶ 4.

On February 28, 2022, Defendants filed separate motions for judgment on the pleadings. ECF No. 221, 222. Plaintiffs filed a cross motion for partial summary judgment and opposed Defendants' motions for judgment on the pleadings. ECF No. 229. Defendants then separately filed cross motions for summary judgment. ECF No. 242, 243.

## BACKGROUND

The following facts are drawn from Plaintiffs' Second Amended Complaint and assumed to be true for the purposes of this motion.

Plaintiffs assert that they were overcharged for copies of their medical records, which they sought from University Defendants and were provided by Verisma. ECF No. 40, ¶¶ 1, 34, 41, 47, 50, 55, 58, 63, 66, 71, 74, 79, 82.

Verisma manages and produces medical records for health care providers, including University Defendants. *Id.*, ¶ 13. Verisma has contracts with University Defendants to: (1) manage their medical records, (2) respond to requests for medical records, and (3) produce such records to patients and other qualified persons. *Id.*, ¶ 23.

Verisma obtained these contracts by offering "kickbacks" to University Defendants. *Id.*, ¶ 24. More specifically, Verisma, acting on behalf of University Defendants, would charge Plaintiffs more than the actual cost to produce their records, and Defendants would split the excess. *See id.*, ¶ 28 (alleging that kickbacks were built into the amounts charged); *id.*, ¶ 29 (alleging that Defendants conspired to charge more than the actual cost and split the profit); *id.*, ¶ 108 (alleging that University Defendants retained a portion of these payments "in the form of improper kickbacks or other compensations from Verisma"); *id.*, ¶ 109(b) (alleging that University Defendants conspired with Verisma to artificially inflate the charges in excess of the actual cost in order to receive kickbacks).

## LEGAL STANDARDS

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (internal quotation marks and citation omitted). "[O]n a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Sarikaputar v. Veratip Corp.*, 371 F. Supp. 3d 101, 104 (S.D.N.Y. 2019) (internal quotation marks and citation omitted).

## DISCUSSION

### I.  *Ortiz* and Public Health Law § 18

Plaintiffs' first cause of action alleges that Defendants violated PHL § 18. *See* ECF No. 40, ¶¶ 98-104. PHL § 18(2)(e) states that health care providers "may impose a reasonable charge for all inspections and copies [of medical records], not exceeding the costs incurred by such provider" and "not exceed[ing] seventy-five cents per page." N.Y. Pub. Health L. § 18(2)(e). The New York Court of Appeals, in answering a certified question from the Second Circuit, concluded in *Ortiz v. Ciox Health LLC*, 37 N.Y.3d 353, 364 (2021), that there is no private right of action for violations of PHL § 18(2)(e).

Verisma notes in its briefing, citing the parties' stipulation discussed above, that "all parties have stipulated that Plaintiffs' first cause of action alleging a violation of PHL § 18 must be dismissed," but does not specifically seek dismissal of such claim at this time. ECF No. 221-1 at 8. Similarly, the University Defendants' briefing indicates that, while the parties have indeed stipulated that the first cause of action should be dismissed, they have "agreed to defer seeking

5

court approval for its dismissal until after the Court determines whether the holding in *Ortiz* also requires the dismissal of Plaintiffs' remaining causes of action." ECF No. 222-1 at 5 n.1. Thus, University Defendants' motion "addresses only Plaintiffs' remaining claims of unjust enrichment and violation of New York General Business Law § 349." *Id.* Based upon the stipulation discussed in detail above and the Defendants' clear indications that they are not moving for dismissal of the PHL § 18 claims at this time due to the possible requirement of court approval for dismissal of the class claim, the Court finds that dismissal of Plaintiffs' first cause of action for a violation PHL § 18 is not properly before the Court at this time.[3] Accordingly, the Court makes no ruling herein with respect to this claim.

## II.     General Business Law § 359 and Unjust Enrichment

Defendants argue that Plaintiffs' GBL § 349 and unjust enrichment claims should be dismissed because those claims are dependent upon Plaintiffs' claim that Defendants violated PHL § 18, for which there is no private right of action. *See* ECF No. 221-1 at 3 ("All of Plaintiffs' claims in this matter rely on and are inseparable from the obligations imposed by PHL § 18. . . . As a result, this Court should grant Verisma's motion for a judgment on the pleadings."); ECF No. 222-1 at 5 ("Every cause of action in Plaintiffs' putative class action always has turned on their claim that Defendants overcharged for requested copies of their medical records in violation of New York Public Health Law § 18.").

The Court agrees that if these remaining claims are wholly reliant on PHL § 18, they must be dismissed. *See Schlessinger v. Valspar Corp.*, 21 N.Y.3d 166, 171-72 (2013) (disallowing common law claims that would "invite a backdoor" to enforce a statute found to lack a private

---

[3] The Court notes that the parties' summary judgment papers do not take a contrary position regarding deferral of a ruling on these claims. *See* ECF No. 229-2 at 7 n.2 (stating that "the parties agreed to defer seeking court approval for dismissal [of the first cause of action] until after the pending motions are decided"); *see generally* ECF No. 242-5 (moving for summary judgment on GBL § 349 and unjust enrichment claims only); ECF No. 243-19 (same).

6

right of action). But Plaintiffs argue that the Second Amended Complaint sets forth allegations to support these claims independent of PHL § 18. *See* ECF No. 229-2 at 12 ("Plaintiffs' remaining claims . . . survive *Ortiz* because the [Second Amended Complaint] alleges (and the evidence establishes) deceptive conduct beyond the Defendant[s'] violation of NYPHL § 18."). Therefore, the Court turns to each of these claims and the allegations that purportedly support them.

### A. General Business Law § 349 Claim

GBL § 349(a) states, "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." N.Y. Gen. Bus. L. § 349(a). To state a claim under this statute, a plaintiff must allege sufficient facts as to three essential elements: (1) the challenged act or practice was consumer-oriented; (2) the practice was misleading in a material way; and (3) the plaintiff suffered an injury as a result of the deceptive act. *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (N.Y. 2000). "The rule imposes an objective standard by taking into account what a reasonable consumer would do under the plaintiff's particular circumstances." *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 404 (S.D.N.Y. 2010).

Primarily at issue is whether the Second Amended Complaint alleges that Defendants' conduct was materially misleading. Plaintiffs argue that the Complaint sufficiently alleges a "lucrative and inherently deceptive scheme" wherein Defendants entered into a business arrangement to build the cost of "kickbacks" into the amount stated on invoices for the copying of Plaintiffs' own medical records and upon payment, Defendants split the profits. ECF No. 229-2 at 15; *see, e.g.*, ECF No. 40, ¶¶ 28, 29. In their motion papers, Plaintiffs allege more specifically that the fees they paid were not only used to produce copies of their records but to produce copies of other people's medical records that Verisma provided to University Defendants. ECF No. 229-

7

2 at 12. However, "[t]he phrase 'deceptive acts or practices' under the statute is not the mere invention of a scheme or marketing strategy, but the actual misrepresentation or omission to a consumer." *Chiste*, 756 F. Supp. 2d at 402.

Focusing on the alleged misrepresentation, Plaintiffs argue that the invoices Verisma provided Plaintiffs, on behalf of University Defendants, were misleading because they listed a fee and associated number of pages to be copied, but did not disclose that Plaintiffs were being charged an inflated cost as part of the so called "kickback scheme." ECF No. 229-2 at 12, *see, e.g.*, ECF No. 40, ¶ 123(e) (alleging a failure to disclose their kickback scheme). Plaintiffs argue that the invoices misled them into believing that the fees they were paying were for pages of their own medical records and no others. ECF No. 229-2 at 12.

The fact that the invoices charged more than the actual cost to produce the records cannot serve as a basis of the deception. Such a claim would circumvent *Ortiz*'s conclusion that there is not a private right of action for PHL § 18. *See Schlessinger*, 21 N.Y.3d at 171-72. Furthermore, caselaw generally establishes that charging more than actual cost and generating a profit is not inherently deceptive. *See Zuckerman v. BMG Direct Mktg.*, 290 A.D.2d 330, 330-31 (N.Y. App. Div. 2002).

Therefore, the claim depends on allegations that Plaintiffs were misled about how their fees were used. *See* ECF No. 229-2 at 16 (arguing that Defendants "misrepresented what their fees would buy"); *id.* at 17 ("[T]he issue . . . is that they paid a fee and then Verisma used part of that fee to provide [a] valuable service to [University Defendants]."); ECF No. 40, ¶ 109(b), (c) (alleging Defendants conspired to inflate the charges in order to fund kickbacks and that the kickback scheme was not disclosed). But nothing in the Complaint alleges that Plaintiffs' fees were not used to offset the cost of producing Plaintiffs' records. And because the Court has

8

concluded that claims related to charging more than actual cost are not viable under New York law, the fact that Defendants did not inform Plaintiffs of how they spent their excess profit is not a basis for relief. To conclude otherwise would require businesses to set out in their invoices an explanation of how they use their profit—which could be, *inter alia*, to fund unrelated litigation or make acquisitions.

The only way Plaintiffs could have been misled to believe that Defendants would not use part of their fees to pay for other business expenses is if they thought that they were paying no more than the actual cost to reproduce the records—which in turn is only reasonable in connection with PHL § 18. Therefore, such a theory is dependent on PHL § 18 and does not exist independently. *Cf. Martinez v. Lvnv Funding, LLC*, No. 14-CV-00677, 2016 WL 5719718, at *3 (E.D.N.Y. Sept. 30, 2016) ("[A] plaintiff may properly plead a claim under GBL § 349 that might also overlap with a claim under [PHL § 18] if the plaintiff can set forth a free-standing claim under Section 349."). Under the facts of this case, not knowing how each cent is being used is not the same as being deceived.

Plaintiffs may feel taken advantage of or that it is unfair that they subsidized the cost of producing other people's medical records. But that does not mean they were, or that they have pled that they were, materially deceived. *See Bildstein v. MasterCard Int'l Inc.*, 329 F. Supp. 2d 410, 414 (S.D.N.Y. 2004) ("[A] material claim is one that 'involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product.' . . . Because [Plaintiffs' Second] Amended Complaint contains no allegation regarding materiality, it is insufficient to state a claim under Section 349."); *see also Blessing v. Sirius XM Radio Inc.*, 775 F. Supp. 2d 650, 655 (S.D.N.Y. 2011) (concluding in a federal consumer protection claim that ordinary consumers make purchasing decisions based on the price they must pay and

9

the value they expect to receive—not on how it was calculated and what business expenses it was used to offset); *Quezada v. Franklin Madison Grp., LLC*, No. 19cv2153, 2020 WL 5819824, at *5 (S.D. Cal. Sept. 29, 2020) ("Although reasonable consumers consider price to be an important factor, the complaint does not explain why the particulars of how that price is arrived at would be material . . . . What a seller chooses to do with the markup included in the prices buyers pay is of no legitimate concern to the buyers."); *Spiegler v. Home Depot U.S.A., Inc.*, 552 F. Supp. 2d 1036, 1046 (C.D. Cal. 2008) ("Additionally, plaintiffs allege that defendants' practice is 'unfair' because they do not disclose the basis or nature of the $250 'Administrative Fee' as part of the overall contract price.  However, plaintiffs agreed to pay the contract price irrespective of the components included in that price."), *aff'd*, 349 F. App'x 174 (9th Cir. 2009).

Therefore, the Court dismisses Plaintiffs' GBL § 349 claim.

### B. Unjust Enrichment Claim

"The essential inquiry in any action for unjust enrichment . . . is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011) (internal quotation marks and citation omitted). "[U]njust enrichment is not a catchall cause of action to be used when others fail.  It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff.  Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled." *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790–91 (2012).  Therefore, "in order to adequately plead such a claim, the plaintiff must allege that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be

recovered." *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516 (2012) (internal quotation marks and citation omitted).

Plaintiffs argue that Defendants benefitted from a kickback scheme and in the form of free records.  ECF No. 229-2 at 18.  They assert that Defendants benefited at their expense because Plaintiffs were "unwittingly subsidiz[ing] Defendants' benefits," and that the "deceptive conduct" they have alleged serves as a basis for an unjust enrichment claim. *Id.* at 18-19.

But try as they might to make it something different, Plaintiffs' Second Amended Complaint and claim boils down to Defendants making a profit. *See e.g.*, ECF No. 40, ¶¶ 114, 115 ("Verisma received a benefit from Plaintiffs and other Class members in the form of Medical Record Payments.  Verisma retained these payments, except for the portion that was kicked back to the [University Defendants].").  And that cannot serve as the basis of an unjust enrichment claim. *See Smith v. Chase Manhattan Bank, USA, N.A.*, 741 N.Y.S.2d 100, 102–03 (N.Y. App. Div. 2002) ("The plaintiffs failed to state a cause of action to recover damages for unjust enrichment since the members of the plaintiffs' class who made purchases of products and/or services received a benefit.  There being no allegation that the benefits received were less than what these purchasers bargained for, it cannot be said that the commissions paid by the third-party vendors to Chase belong to the plaintiffs as a matter of equity."); *He v. Apple, Inc.*, 139 N.Y.S.3d 409, 412 (N.Y. App. Div. 2020) ("[T]here is nothing inherently inequitable in making money from a legitimate transaction.").

And without consideration of PHL § 18, Plaintiffs make "no allegations that those profits rightly belong to [them] or that circumstances existed . . . that would render it inequitable for [Defendants] to keep them." *He*, 139 N.Y.S.3d at 412; *Tasini v. AOL, Inc.*, 851 F. Supp. 2d 734, 744 (S.D.N.Y. 2012) ("While the defendants undoubtedly benefited from their transactions with

the plaintiffs, there is no indication that the plaintiffs should not have . . . expect[ed] . . . as much."), *aff'd*, 505 F. App'x 45 (2d Cir. 2012) (summary order).  As with the deceptive practices claim, not appreciating how a company uses your money after you have paid for its services does not make it inherently inequitable for the company to retain its profit.  *See Tasini v. AOL, Inc.*, 505 F. App'x 45, 47 (2d Cir. 2012) (summary order) ("Though it is no doubt a great disappointment to find that [defendant] did not live up to the ideals plaintiffs ascribed to it, plaintiffs have made no factual allegation that, if taken as true, would permit the inference that [defendant] deceived the plaintiffs or otherwise received a benefit at the expense of the plaintiffs.").

Therefore, the Court agrees that Defendants are entitled to judgment on the pleadings and dismisses the cause of action.

### III.   Remaining Motions for Summary Judgment

Because the Court concludes that Plaintiffs' GBL § 349 and unjust enrichment claims must be dismissed, the parties' motions for summary judgment on these claims are denied as moot.  *See DeFalco v. Dechance*, 949 F. Supp. 2d 422, 435 (E.D.N.Y. 2013).

### CONCLUSION

For the foregoing reasons, Defendants' motions for judgment on the pleadings, ECF No. 221, 222, are GRANTED, Plaintiffs' cross motion for partial summary judgment, ECF No. 229, is DENIED AS MOOT, and Defendants' cross motions for summary judgment, ECF No. 242, 243, are DENIED AS MOOT.

The parties are directed to provide a joint status report no later than August 31, 2022, regarding Plaintiffs' remaining individual claim and class claim under PHL § 18 and indicate to the Court how they plan to proceed with any required notice to the class in order to effectuate dismissal of those claims.

IT IS SO ORDERED.

Dated: August 18, 2022
       Rochester, New York

_____
FRANK P. GERACI, JR.
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF NEW YORK