UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANN McCRACKEN, *et al.*,

                Plaintiffs,

       v.                              Case # 6:14-CV-6248-FPG-MJP
                                                DECISION AND ORDER

VERISMA SYSTEMS, INC., *et al.*,

                Defendants.
_____

## INTRODCUTION

The Court assumes the parties'[1] familiarity with the underlying facts, which were set out in the Court's August 18, 2022 Decision and Order, ECF No. 262, and the full record of prior proceedings in this matter. In that Decision and Order, the Court, *inter alia*, granted Defendants' motion for judgment on the pleadings with respect to Plaintiffs' New York General Business Law ("GBL") § 349 claim, and New York common law claim for unjust enrichment *See* ECF No. 262 at 6-12.

The Court's Decision and Order also found that Plaintiffs' claims under New York Public Health Law ("PHL") § 18 were not properly before the Court at that time. *Id.* at 6. That ruling was based upon a prior stipulation entered into by the parties and the Defendants' indication in their briefing that they had "agreed to defer seeking court approval for [the PHL § 18 claims'] dismissal until the Court determines whether the holding in [*Ortiz v. Ciox Health LLC*, 37 N.Y.3d 353, 364 (2021)] requires the dismissal of Plaintiffs' remaining causes of action"—*i.e.*, the GBL

---

[1] The plaintiffs in this case are Ann McCracken, Joan Farrell, Sara Stilson, Kevin McCloskey, Christopher Trapatsos, Kimberly Bailey, and the class they represent (collectively, "Plaintiffs"). They brought claims against the University of Rochester, Strong Memorial Hospital, Highland Hospital (collectively, "University Defendants") and Verisma Systems, Inc. ("Verisma") (together with University Defendants, "Defendants")

§ 349 and unjust enrichment claims. *Id.* at 5-6. Having ruled on those claims, the Court directed the parties "to provide a joint status report no later than August 31, 2022, regarding Plaintiffs' remaining individual claim and class claim under PHL § 18 and indicate to the Court how they plan to proceed with any required notice to the class in order to effectuate dismissal of those claims." *Id.* at 12.

On August 31, 2022, Plaintiffs' counsel filed a joint status report "on behalf of all parties." ECF No. 263 at 1. In that report, counsel indicated that "[t]here is no dispute" that the PHL § 18 claims fail on the merits under the New York Court of Appeals' recent decision in *Ortiz v. Ciox Health LLC*, 37 N.Y.3d 353 (2021), which held that PHL § 18 does not contain a private right of action. *Id.* Moreover, the parties noted in their filing their position "that class notice is required only if the claims are dismissed as a result of a settlement, compromise, or voluntary dismissal and no actual judgment is entered." *Id.* at 2.

For the following reasons, Plaintiffs' remaining claims under PHL § 18 are DISMISSED pursuant to Federal Rule of Civil Procedure 56(f).

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party

"may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

## DISCUSSION

Under Federal of Civil Procedure 56(f), this Court has the discretion to *sua sponte* "grant summary judgment for a nonmovant" so long as it gives "notice and a reasonable time to respond." Fed. R. Civ. P. 56(f)(1). In the Court's August 18, 2022 Decision and Order, the Court provided such notice and a reasonable time to respond. *See* ECF No. 262 at 12.

PHL § 18(2)(e) states that health care providers "may impose a reasonable charge for all inspections and copies [of medical records], not exceeding the costs incurred by such provider" and "not exceed[ing] seventy-five cents per page." N.Y. Pub. Health L. § 18(2)(e). The New York Court of Appeals, in answering a certified question from the Second Circuit, concluded in *Ortiz v. Ciox Health LLC*, 37 N.Y.3d 353, 364 (2021), that there is no private right of action for violations of PHL § 18(2)(e). Based on the Court's familiarity with the prior proceedings in this matter and its review of *Ortiz*, the Court finds that there is no genuine dispute as to any material fact with respect to the PHL § 18 claims and that Defendants are entitled to judgment as a matter of law. *See Carter v. CIOX Health,* LLC, No. 6:14-CV-6275, 2022 WL 3499683, at *2.

The Court's finding that Defendants are entitled to judgment as a matter of law on the PHL § 18 claims applies to the following class and sub-classes who have not opted out of the litigation. ECF No. 263 at 1-2.

The Class includes:

All persons who (1) requested copies of medical records (either by themselves or through a lawyer, personal representative, or other qualified person acting on their behalf) from a health care facility owned and/or operated by the University of Rochester, (2) were charged by or through Verisma Systems, Inc. for copies of such records in accordance with Verisma's "NY Fee Schedule PHL 18," and (3) paid such charges (either

>directly or through the person making the request on their behalf) and had their records released by or through Verisma on or after May 14, 2011, excluding any principals or employees of Defendants ("the Class" or "the URMC Medical Records Class").
>
>The Highland Sub-Class includes:
>
>All persons in the URMC Medical Records Class who requested copies of medical records from Highland Hospital and whose records were released through Verisma on or after May 14, 2011.
>
>The Strong Memorial Sub-Class includes:
>
>All persons in the URMC Medical Records Class who requested copies of medical records from Strong Memorial Hospital and whose records were released through Verisma on or after May 14, 2011.

*See* ECF No. 263 at 1-2.

"Notice to potential class members is not required, absent special circumstances, when an action brought on behalf of a class is dismissed on the merits." *Manes v. Goldin*, 400 F. Supp. 23, 31 (E.D.N.Y. 1975). Here, because the Court's dismissal of the PHL § 18 is on the merits, rather than the product of a settlement or compromise, "there is no possibility that the named plaintiffs or their counsel could 'sell out' the class for their own benefit." *See Austin v. Pennsylvania Dept. of Corrections*, 876 F. Supp. 1437, 1455 (E.D. Pa. 1995) ("Although Rule 23(e) states without exception that 'notice of the proposed dismissal or compromise shall be given,' courts have consistently held that notice to class members is required only when consistent with the rule's purpose—the protection of absent class members.") (citing 7B Charles A. Wright et al., Federal Practice and Procedure § 1797, at 345 (1986)). Thus, the Court finds that notice to the class and subclasses above is not required as the Court's ruling via Rule 56(f) is on the merits based upon *Ortiz v. Ciox Health LLC*, 37 N.Y.3d 353, 364 (2021).

4

Accordingly, summary judgment on Plaintiffs' PHL § 18 claims is granted pursuant to Rule 56(f) on both the individual and class claims and such claims are dismissed.

## CONCLUSION

For the foregoing reasons, summary judgment is granted in favor of Defendants on Plaintiffs' PHL § 18 claims—the sole remaining claims in this action. The Clerk of Court is directed to enter judgment in Defendants' favor and close this case.

IT IS SO ORDERED.

Dated: October 3, 2022
       Rochester, New York

                                            FRANK P. GERACI, JR.
                                            UNITED STATES DISTRICT JUDGE
                                            WESTERN DISTRICT OF NEW YORK