UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANN MCCRACKEN et al.,

                                    Plaintiff,

                                                                                                   Case # 14-CV-06248-FPG

v.

                                                                                                   DECISION AND ORDER

VERISMA SYSTEMS, INC., et al.,

                                    Defendants.
_____

## INTRODUCTION

On October 11, 2022, judgment was entered in favor of Defendants in this case after the Court granted summary judgment for Defendants. *See* ECF Nos. 264-65. On November 4, 2022, Defendants University of Rochester, Strong Memorial Hospital, and Highland Hospital (the "Hospital Defendants") filed a bill of costs pursuant to Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1920(2), and Local Rule of Civil Procedure 54, requesting that the Clerk of Court tax costs in the amount of $5,398.50, for transcripts of depositions necessarily obtained for use in this case. ECF No. 266. On November 4, 2022, Defendant Verisma Systems, Inc. ("Verisma") filed a bill of costs, under the same authority, requesting that the Clerk of Court tax costs in the amount of $7,373.30, for similar transcripts. ECF No. 267. Plaintiffs did not oppose Defendants' bills of costs.

On October 30, 2023, the Clerk of Court declined to tax costs as Defendants requested, citing Section II.D.1.f of the Court's Guidelines for Bills of Costs, on the basis that Defendants did not provide supporting information that the Guidelines require. *See* ECF No. 271 at 1-2. On November 6, 2023, Defendants timely objected to the Clerk's Order declining to tax costs and

1

requested review of the Clerk's Order on the basis that other provisions of the Guidelines permit taxing of costs associated with the deposition transcripts, as claimed in the Hospital Defendants' and Verisma's bills of costs.  ECF Nos. 272-73.  Plaintiffs do not oppose Defendants' request for review of the Clerk's Order.

For the reasons below, Defendants' motions are granted, and the Clerk of Court is directed to tax costs in favor of the Hospital Defendants in the amount of $5,398.50, and Verisma in the amount of $7,373.30, respectively.

## DISCUSSION

Federal Rule of Civil Procedure 54(d) permits the Court to tax costs to the prevailing party.  The Clerk makes an initial determination as to taxation, but if a litigant disagrees with the Clerk's determination, the Court may review the Clerk's determination upon motion.  Fed. R. Civ. P. 54(d)(1); *see also* Guidelines for Bills of Costs § I.G.1.  The prevailing party enjoys a "presumption that its costs will be awarded." *Nat. Organics, Inc. v. Nutraceutical Corp.*, No. 01 CIV. 0384 GBD RLE, 2009 WL 2424188, at *2 (S.D.N.Y. Aug. 6, 2009).  Because Rule 54(d) allows costs "as of course," such an award against the losing party is the normal rule obtaining in civil litigation, not an exception.  *Mercy v. Cnty. of Suffolk*, 748 F.2d 52, 54 (2d Cir. 1984).  "A district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question [it]self." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) (internal quotation marks omitted).

Under 28 U.S.C. § 1920(2), copies of transcripts "necessarily obtained for use in the case" are taxable as costs.[1]  *See also* Guidelines for Bills of Costs § II.D.1.  Such transcripts may be taxable in several ways.  Under Section II.D.1.f of the Guidelines for Bills of Costs, a party seeking costs of a transcript used in support of a motion should "note the title of the motion, the date it was

---

[1] There is no dispute that the relevant transcripts were "necessarily obtained for use in the case" under 28 U.S.C. § 1920(2).

filed, and where in the motion the transcript was used." Under Section II.D.1.c of the Guidelines, the costs for a "transcript of [a] deposition of a party to the case" are taxable. Under Section II.D.1.k. of the Guidelines, costs associated with copies of transcripts of an opposing party's noticed depositions are taxable. Neither Section II.D.1.c, nor Section II.D.1.k, require supporting documentation, except for invoices that state the per page rate and number of pages transcribed. *See* Guidelines for Bills of Costs § II.D.3.

Here, the Clerk of Court cited Section II.D.1.f for support in its Order declining to tax costs. Defendants maintain, and the Court agrees, that Section II.D.1.c and Section II.D.1.k permit taxing costs for the relevant transcripts. Moreover, Defendants' motions for review sufficiently establish that costs may be awarded under Section II.D.1.f.

Taxation of costs is appropriate for the transcripts identified in Defendants' bills of costs. ECF Nos. 266-67. As stated, under Section II.D.1.c of the Guidelines, the costs for a "transcript of [a] deposition of a party to the case" are taxable. With respect to the Hospital Defendants' bill of costs, which included depositions for James Moore, Andrew McManus and Annette Fenwick, each deponent is or was a representative and/or employee of Defendant Verisma, a party to this case. *See* ECF No. 272-1. Section II.D.1.c. does not require the requesting party to submit supporting information for costs to be taxed on these depositions, beyond that which was provided under Section II.D.3. Hospital Defendants therefore provided sufficient information for the Clerk to tax costs on these depositions in their bill of costs. *See* ECF No. 266.

Verisma's bill of costs was also sufficient under Section II.D.1.c because deponents Donna Barnard, Anne Silkey, Kelly Featherly, and Kristen Schepisi-Dilg are or were employees/representatives of Defendants Strong Memorial Hospital, Highland Hospital, and/or University of Rochester, parties to this case, and James Moore, Andrew McManus, and Annette

3

Fenwick are or were employees/representatives of Verisma. *See* ECF No. 273-1. Verisma therefore provided sufficient information for the Clerk to tax costs on these depositions. *See* ECF No. 267.

Likewise, Section II.D.1.k. of the Guidelines provides that costs associated with copies of transcripts of an opposing party's noticed depositions are taxable. With respect to the Hospital Defendants, the depositions of James Moore, Annette Fenwick, Andrew McManus, Dr. William G. Kreiger, Anne E. Eberhardt and Kelly G. Besaw were each noticed by an opposing party. *See* ECF No. 272-3 at 2. Section II.D.1.k. does not require the requesting party to submit supporting information for the Clerk to tax these costs. With respect to Verisma's bill of costs, the first deposition of Donna Barnard and the depositions of Anne Silkey, Kelly Featherly, Kristen Schepisi-Dilg, James Moore, Andrew McManus, Annette Fenwick, Anne M. Eberhardt, and Kelly Besaw were each noticed by Plaintiffs. *See* ECF No. 273-1 at 3. Verisma and the Hospital Defendants therefore provided sufficient information for the Clerk to tax costs on these depositions. *See* ECF No. 266-67.

In addition, Defendants' motions for review of the Clerk's Order demonstrate that taxation of costs is proper under Section II.D.1.f, as well. Under Section II.D.1.f of the Guidelines for Bills of Costs, a party seeking costs of a transcript used in support of a motion should "note the title of the motion, the date it was filed, and where in the motion the transcript was used." Here, Hospital Defendants filed a declaration including this supporting information, *see* ECF No. 272-1 at 3, as has Verisma, *see* ECF No. 273-1 at 4. The Court has reviewed the supporting information included in the declarations, and finds that it supports taxation under Section II.D.1.f.

4

## CONCLUSION

Upon review, Defendants' bills of costs, ECF Nos. 266-67, are GRANTED, and the Clerk of Court is respectfully directed to award costs to the Hospital Defendants in the amount of $5,398.50, and Defendant Verisma Systems, Inc. in the amount of $7,373.30, respectively.

IT IS SO ORDERED.

Dated: December 19, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York